RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0042p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

     *v.*

No. 06-6056

JERRY RAY OAKS,

              *Defendant-Appellant.*

On Remand from the United States Supreme Court to the
United States District Court for the Eastern District of Tennessee.
No. 04-00037—J. Ronnie Greer, District Judge.

Submitted: May 1, 2008

Decided and Filed: February 9, 2009

Before: KENNEDY and MARTIN, Circuit Judges; HOOD, District Judge.[*]

_____

## COUNSEL

_____

**ON BRIEF:** Salvatore C. Adamo, LAW OFFICE OF SALVATORE C. ADAMO, Phillipsburg, New Jersey, for Appellant. Robert M. Reeves, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee.

_____

## OPINION

_____

     BOYCE F. MARTIN, JR., Circuit Judge. Defendant Jerry Ray Oaks pleaded guilty to being a felon in possession of a firearm and the district court in the Eastern District of Tennessee sentenced him to 120 months of incarceration and five years of supervised release, entering the judgment on August 9, 2006. He appealed his sentence,

_____

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

in the first instance, challenging, in part, the district court's use of his prior conviction for felony escape to support his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Oral argument before us was waived and we affirmed the sentencing court's judgment on May 14, 2008. On January 21, 2009, the Supreme Court granted Defendant's application for a writ of certiorari, vacated our judgment, and remanded the case to us for reconsideration in light of its decision in *Chambers v. United States*, 555 U.S. —, 129 S. Ct. 687 (2009). *Oaks v. United States*, — U.S. —, — S. Ct. —, 2009 WL 129082 (2009).

In *Chambers*, the Supreme Court held that "failure to report," although described in an Illinois statute criminalizing "escape," was a separate crime and did not amount to a "violent felony" under the Armed Career Criminal Act. 555 U.S. —, slip op. at 4. Tennessee's definition of "escape," like the Illinois statute at issue in *Chambers*, "places together in a single numbered statutory section several different kinds of behavior," *id*; *compare* TENN. CODE ANN. § 39-16-601(3) (2009) (defining "[e]scape" as the "unauthorized departure from custody *or failure to return to custody* following temporary leave for a specific purpose or limited period . . .") (emphasis added) *with* 720 ILL. COMP. STAT. 5/31-6(a) (2009) (defining "escape" to include, *inter alia*, "knowingly *fail[ing] to report* to a penal institution or to report for periodic imprisonment at any time or knowingly *fail[ing] to return* from furlough or from work and day release . . . .") (emphasis added).

Here, we have reviewed the district court's rulings, which indicate that it found that Oaks's felony escape conviction followed a charge of "knowingly escaping from the custody of the Carter County Sheriff's Department while in custody of the Carter County Sheriff's Department, a penal institution . . . ." *United States v. Oaks*, No. 2:04-CR-37, Order at 3 (E.D. Tenn. May 13, 2005) (citing Indictment No. 15999, Criminal Court, Cater County, Tenn.). Under the Tennessee Code, "penal institution" is "any institution or facility use to house or detain a person," TENN. CODE. ANN § 39-16-601(4). Thus, we are unable to determine whether, at the time of his escape, Oaks was held in "secure custody," "law enforcement custody," or "nonsecure custody," *see Chambers*, 555

U.S.— (slip. op. at 10, App'x B) (Report on Federal Escape Offenses in Fiscal Years 2006 and 2007, p. 7, fig. 1 (Nov. 2008)), and whether the escape qualifies as "violent" because it involves "serious risk of physical injury." 18 U.S.C. § 924(e)(2)(B)(ii); *Chambers*, 555 U.S. — (slip. op. at 6-8) (considering empirical evidence of how often different types of "escapes" led to injury).

Accordingly, we REMAND to the district court for a determination of the type of facility and level of security involved in the "custody of the Carter County Sheriff's Department" at the time of Oaks's escape.  After the district court has made this determination, this Court will issue further instructions.