MARTIN, J., delivered the opinion of the court, in which KENNEDY, J., joined. HOOD, D.J. (pp. 721-22), delivered a separate dissenting opinion.
OPINION
BOYCE F. MARTIN, JR., Circuit Judge.
The history of this case, recited in United States v. Oaks, 554 F.3d 1087, 1088 (6th Cir.2009), is as follows:
Defendant Jerry Ray Oaks pleaded guilty to being a felon in possession of a firearm and the district court in the Eastern District of Tennessee sentenced him to 120 months of incarceration and five years of supervised release, entering the judgment on August 9, 2006. He appealed his sentence, in the first instance, challenging, in part, the district court’s use of his prior conviction for felony escape to support his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Oral argument before us was waived and we affirmed the sentencing court’s judgment on May 14, 2008. On January 21, 2009, the Supreme Court granted Defendant’s application for a writ of certiorari, vacated our judgment, and remanded the case to us for reconsideration in light of its decision in Chambers v. United States, 555 U.S. [122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) ].
We remanded this case “to the district court for a determination of the type of facility and level of security involved in the ‘custody of the Carter County Sheriffs department’ at the time of Oaks’s escape.” Id. at 1088-89 (citation omitted). The district court, United States v. Oaks, No. 2:04-CR-37, slip op. at 4 (E.D.Tenn. July 23, 2009), made the following factual determinations:
first, it appears from the uncontroverted facts that at the time of the felony escape, Oaks was being held in law enforcement custody in the county jail on felony charges of evading arrest, felony reckless endangerment, attempted aggravated robbery, theft over $500.00 and aggravated burglary, but had been taken to a courtroom for a court appearance at the time he ran from the courtroom; secondly, while the county jail was a secure facility, the courtroom from which Oaks ran was not.
The facts show that Oaks escaped custody from a courtroom, and that the courtroom was not a secure facility. Oaks thus escaped from “nonsecure custody.” At the time of his escape, Oaks was present in the courtroom to enter pleas of guilty to all his outstanding offenses and with the understanding that the prosecutor had agreed to various periods of probation. Indeed, when he was sentenced for those crimes the following week, he was given various periods of probation. He received a year of incarceration for his escape. Our task is to determine whether escape from “nonsecure custody” is a “violent felony” for sentencing purposes.
Here, as in Chambers, to determine whether a felony is a violent felony, “[t]he question is whether ... an offender is significantly more likely than others to attack, or physically to resist, an apprehender, thereby producing a ‘serious po *721 tential risk of physical injury.’ ” Chambers, 555 U.S. at 128-29, 129 S.Ct. 687 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). And here, as in Chambers, “a United States Sentencing Commission report helps provide a conclusive, negative answer.” Id. at 129, 129 S.Ct. 687 (citations omitted). As reflected in an appendix to Chambers, the act of escape from “nonsecure custody” is rarely violent. Id. app. B (showing in a statistical table that in one hundred seventy-seven instances of escape from “nonsecure custody” in 2006 and 2007, only 1.7% resulted in some injury). Further, a felony is not necessarily a “violent felony” even if historical data show past commissions of that felony involved violence. Indeed, the Supreme Court in Chambers determined that “failing to report” is not a “violent felony,” yet past commissions of “failing to report” involved violence in at least three instances. Id. at 129-30, 129 S.Ct. 687. We hold that escape from “nonsecure custody” is not a violent felony for sentencing purposes. While some courtrooms may indeed be secure facilities such that an escape from them would be an escape from “secure custody,” the courtroom from which Oaks escaped was not secure. Thus, Oaks’s escape from the courtroom is not a violent felony for sentencing purposes. Accordingly, we REMAND for re-sentencing consistent with this Opinion.