FILED
United States Court of Appeals
Tenth Circuit

June 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES EDWARD HARRIS, JR,

    Defendant - Appellant.

No. 08-1090
(D.C. No. 07-CR-00409-REB-1)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

Defendant Charles Edward Harris, Jr., pled guilty to possession with intent to distribute five grams or more of cocaine base, a Schedule II controlled substance. I R. Doc. 18 at 2; I R. Doc. 19; see 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The presentence report ("PSR") treated Mr. Harris as a career offender under U.S.S.G. § 4B1.1(a) because he had twice been convicted of felony attempted escape. IV R. at ¶¶ 71, 73, 83, 164. Based on a total offense level of 31 and a criminal history category of VI, the PSR calculated the guideline

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

range as 188-235 months. IV R. at ¶ 134. The district court adopted the PSR, but departed downward to a criminal history category of V "because the defendant's status as a Career Offender significantly over-represent[ed] the seriousness of the defendant's prior criminal record." I R. Doc. 23 at 7-8. Accordingly, the district court sentenced him to 168 months' imprisonment and five years' supervised release, which was at the bottom of the guideline range calculated with a criminal history category of V. I R. Doc. 23 at 2-3, 8. Mr. Harris now appeals, arguing that his sentence should be vacated and remanded for resentencing in light of the Supreme Court's recent decision in Chambers v. United States, 129 S. Ct. 687 (2009).

## Discussion

Mr. Harris contends that, in light of Chambers, the district court clearly erred by concluding that his prior convictions for attempted escape under Colo. Rev. Stat. § 18-8-208(1)-(3) were "crimes of violence" as that term is defined in U.S.S.G. § 4B1.2(a). Prior to Chambers, we had considered escape to be categorically a crime of violence under U.S.S.G. § 4B1.2(a)(2). See United States v. Avalos, 506 F.3d 972, 980 (10th Cir. 2007), vacated, 129 S. Ct. 993 (2009). In Chambers, however, the Supreme Court considered whether a conviction based on

an Illinois escape statute[1] could be categorized as a crime of violence for purposes of the Armed Career Criminal Act ("ACCA").[2] Chambers, 129 S. Ct. at 691-93. In Chambers, the relevant statute criminalized at least two different types of behavior—escape and failure to report. Chambers, 129 S. Ct. at 691. The Court concluded that failure to report, the crime for which the defendant was convicted, id. at 690, is not a crime of violence because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another,'" id. at 691 (quoting 18 U.S.C. § 924(e)(2(B)(I)), and because "it does not involve conduct that presents a serious potential risk of physical injury to another," id. (internal quotation marks omitted).

Relying on Chambers, Mr. Harris contends that his prior convictions should not qualify as crimes of violence. Mr. Harris was convicted under Colo. Rev. Stat. § 18-8-208(1)-(3), which provides that it is a felony to "knowingly escape[] from . . . custody or confinement." Id. A person who is sentenced to community corrections and who either fails to remain or fails to return is punishable under

---

[1] The Illinois statute criminalized several different types of behavior: "(1) escape from a penal institution, (2) escape from the custody of an employee of a penal institution, (3) failing to report to a penal institution, (4) failing to report for periodic imprisonment, (5) failing to return from furlough, (6) failing to return from work and day release, and (7) failing to abide by the terms of home confinement." Chambers, 129 S. Ct. at 691.

[2] Chambers affects our analysis of what constitutes a crime of violence under U.S.S.G. § 4B1.2(a) because we have treated the ACCA and U.S.S.G. § 4B1.2(a) as largely co-ordinate. United States v. West, 550 F.3d 952, 960 n.5 (10th Cir. 2008).

this statute.  <u>See</u> Colo. Rev. Stat. § 17-27-106(1)(a).  Mr. Harris apparently had attempted to escape from custody in a community corrections intensive supervision program, and it is his conviction for this attempt which is at issue. Supp. Aplt. Br. Attach 1.  However, we need not decide whether <u>Chambers</u> dictates that an attempted walk-away escape from a community corrections program is or is not a crime of violence because—subsequent to briefing—the parties agreed that this case should be remanded to the district court for resentencing using a modified categorical approach.  Gov'ts Unopposed Motion filed May 14, 2009 at 5, ¶¶ 6-8; <u>see</u> <u>United States v. Avalos</u>, No. 06-2228, 2009 WL 541336, at *3 (D.N.M. March 5, 2009) (remanding for resentencing in light of <u>Chambers</u>).

Accordingly, we REMAND this case to the district court to vacate the sentence and to resentence Mr. Harris in accord with this order and judgment and the Supreme Court's decision in <u>Chambers</u>.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge