FILED
United States Court of Appeals
Tenth Circuit

December 11, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOBIAS LEO AGUIRRE,

Defendant - Appellant.

No. 09-1082
(D.C. No. 1:07-CR-00514-WYD-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **EBEL,** and **MURPHY**, Circuit Judges.[**]

---

Defendant-Appellant Tobias Leo Aguirre pled guilty to possession of a

firearm by a convicted felon.  1 R. at 7; see 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Based on a total offense level of 23 and a criminal history category of VI, Mr.

Aguirre's applicable guideline range was 92-115 months, and he was sentenced to

92 months' imprisonment and three years' supervised release.  3 R. at 21, ¶ 121; 1

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  Accordingly, we granted Mr. Aguirre's motion to submit this matter on the briefs and without oral argument.

R. at 21-22.

At issue in this appeal, the parties disagreed over whether the base offense level should be 24 or 20 under U.S.S.G. § 2K2.1(a)(2), which indicates a base offense level of 24 based upon two prior convictions for a "crime of violence," U.S.S.G. § 4B1.2. Mr. Aguirre maintained that his earlier conviction for attempted escape, Colo. Rev. Stat. § 18-2-101(4), did not qualify as a crime of violence. Had this argument been successful, Mr. Aguirre's guideline range would have been 63-78 months.

Over Mr. Aguirre's objection, the district court concluded that the attempted escape conviction qualified as a crime of violence. In <u>Chambers v. United States</u>, 129 S. Ct. 687 (2009), decided a few weeks prior to Mr. Aguirre's sentencing, the Court held that a failure to report for confinement does not qualify as a crime of violence under the Armed Career Criminal Act because it does not involve purposeful, violent, and aggressive conduct involving a serious risk of physical injury. <u>Id.</u> at 692-93. We have indicated that the Supreme Court's analysis applies to the definition of a crime of violence under the Sentencing Guidelines. <u>United States v. Charles</u>, 576 F.3d 1060, 1068 n.2 (10th Cir. 2009). The district court viewed <u>Chambers</u> as overruling this circuit's precedent that all escapes (including failure to report or return to custody) are crimes of violence, but leaving intact that an escape from custody is a crime of violence. 2 R. at 7-8; <u>accord</u> <u>United States v. Pearson</u>, 553 F.3d 1183, 1186 (8th Cir. 2009).

The district court held that Mr. Aguirre's attempted escape was a crime of violence because Mr. Aguirre cut off his electronic monitoring bracelet and proceeded to break into an apartment while under non-secure parole supervision. 2 R. Doc. at 6-8, 13-14; see also 3 R. at 10, ¶¶ 50-52. According to the district court, Mr. Aguirre escaped from custody; he affirmatively cut off the bracelet and left his apartment without the knowledge and permission of his parole officer. 2 R. at 8. Although it is clear that the district court mentioned Mr. Aguirre's breaking into an apartment, it is not entirely clear to what extent that offense factored into the district court's decision. See 2 R. Doc. 8, 14, 23.

Our review of whether an offense qualifies as a crime of violence is de novo. Charles, 576 F.3d at 1066. Since Mr. Aguirre's sentencing, we have noted that Chambers modified our former approach including "walkaway" escapes. Charles, 576 F.3d at 1068-69. Both parties agree that the district court's analysis, with its reliance on actual conduct and lack of consideration of whether the offense "involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2), cannot support characterizing Mr. Aguirre's attempted escape as a "crime of violence." Aplt. Br. at 9-10, 18-20; Aplee. Br. at 12-14; see Chambers, 129 S. Ct. at 692-93 (considering risk of physical injury). The government also agrees to a remand for resentencing. Aplee. Br. at 14. In this developing area of the law, we have remanded to the district court to employ a modified categorical approach based upon the elements of the statute and

appropriate documents to determine whether the offense constitutes a crime of violence.  United States v. Harris, 329 F. App'x 202, 204 (10th Cir. 2009); see also Charles, 576 F.3d at 1069-70.  We will do the same here.  We note that Mr. Aguirre's breaking into an apartment after his escape from non-secure custody cannot be considered for this analysis given the focus on the elements of attempted escape.  See Shepard v. United States, 544 U.S. 13, 26 (2005); Aplt. Br. at 20; Aplee. Br. at 13.

Accordingly, we REMAND this case to the district court to vacate the sentence and to resentence Mr. Aguirre.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge