**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5193**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

TIMOTHY HUGH LINDSEY,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-cr-00091-BR-1)

Submitted:  August 11, 2009        Decided:  November 24, 2009

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Hugh Lindsey pled guilty without a plea agreement to bank robbery, 18 U.S.C. § 2113(a) (2006), and was sentenced as a career offender to a term of 151 months imprisonment. Lindsey appeals his sentence, arguing that the district court abused its discretion in denying his motion to appoint new counsel, erred in failing to advise him, before accepting his guilty plea, that he could be sentenced as a career offender, and erred in sentencing him as a career offender. U.S. Sentencing Guidelines Manual § 4B1.1 (2008).

Our review of the denial of a motion for new counsel entails consideration of (1) the timeliness of the motion; (2) the adequacy of the inquiry into the defendant's complaint about his attorney; and (3) whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). These factors are weighed against the district court's "interest in the orderly administration of justice." Id. at 157. Here, Lindsey moved for new counsel before he entered his guilty plea. At the motions hearing, he explained that he was dissatisfied because he had been unable to contact his attorney who had, in their few meetings, seemed more interested in a guilty plea than in preparing a defense for him, and who had not given him

2

sufficient time to consider a proffered plea agreement. Two months after his motion was denied, at the Fed. R. Crim. P. 11 hearing, Lindsey initially expressed continued dissatisfaction with his attorney. However, after the court recessed to give Lindsey additional time to discuss his plea with his attorney, he informed the court that he was satisfied with his attorney's services, and entered a guilty plea. We conclude from these facts that the motion for new counsel was timely, that the court's inquiry into the basis for the motion was adequate, and that communications between Lindsey and his attorney had not entirely broken down. Therefore, the district court did not abuse its discretion in denying the motion for new counsel.

Lindsey argues that his plea was "substantially uninformed" because he was not informed that he could be classified as a career offender. Because Lindsey did not seek to withdraw his guilty plea, his claim of Rule 11 error is reviewed under the plain error standard of review. United States v. Vonn, 535 U.S. 55, 58-59 (2002); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). He acknowledges that Rule 11 requires only that a defendant be advised about the statutory sentencing range to which his guilty plea will expose him, United States v. Goins, 51 F.3d 400, 401-02 (4th Cir. 1995), not about the possible guideline range. United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). We conclude that

3

Lindsey has not shown that any error occurred during the Rule 11 hearing.

Finally, Lindsey contends that the district court's decision that his prior conviction for breaking and entering is a crime of violence within the meaning of § 4B1.2(a)(2) should be reviewed in light of the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008) (holding that a "violent felony" under the "otherwise" clause in 18 U.S.C. § 924(e) (2006) must be roughly similar to enumerated crimes), and Chambers v. United States, 129 S. Ct. 687 (2009) (holding, in accord with Begay, that failure to report for penal confinement is not a violent felony under § 924(e)).  Begay was decided well before Lindsey pled guilty or was sentenced, but he did not object to his career offender status on this ground in the district court.  Therefore, this issue is reviewed for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993).

We look to our case law interpreting both the terms "crime of violence" under § 4B1.1 and "violent felony" under § 924(e) because the language defining these terms is "nearly identical . . . and materially indistinguishable."  United States v. Roseboro, 551 F.3d 226, 229 n.2 (4th Cir. 2009). Burglary of a dwelling is one of the crimes enumerated in § 4B1.2(a)(2) as a crime of violence.  As Lindsey concedes, the North Carolina offense of breaking and entering is "generic

burglary." United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (following Taylor v. United States, 495 U.S. 575 (1990), in interpreting § 924(e)). Thus, Lindsey was properly sentenced as a career offender.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED