NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0788n.06

No. 06-1111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 14, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

LEE EDWARD BLOMQUIST,

    **Defendant-Appellant.**

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

_____/      OPINION

BEFORE:     KENNEDY, MARTIN and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Lee Edward Blomquist appeals the district court's order, arguing that the district court erred in designating him a career offender because Michigan Compiled Laws ("M.C.L.") § 750.479 does not categorically refer to a "crime of violence" for purposes of sentencing enhancement. We affirmed Blomquist's designation as a career offender and the resulting sentence. The Supreme Court subsequently vacated and remanded the judgment for further consideration in light of *Chambers v. United States*, 555 U.S. ___, 129 S. Ct. 687 (2009). For the reasons set forth herein, we **REVERSE** the district court's determination that M.C.L. § 750.479 categorically refers to a crime of violence and **REMAND** with instructions for the district court to conduct further proceedings in accordance with this opinion.

**BACKGROUND**

On March 17, 2003, Defendant Lee Edward Blomquist pleaded guilty to manufacturing more than 100 marijuana plants, in violation of 18 U.S.C. § 2252(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). A Presentence Investigation Report ("PSR") was prepared following acceptance of Blomquist's guilty plea. The PSR determined that Defendant's total offense level was 31 and his criminal history category was VI. Blomquist's total offense level was calculated as 31 instead of 23 because he was deemed a career offender pursuant to U.S. Sentencing Guidelines ("USSG") § 4B1.1. His criminal history category was calculated as VI because he had 13 criminal history points and because he was deemed a career offender.[1]

Defendant's designation in the PSR as a career offender was based upon two of his prior convictions in Michigan: (1) a 1993 conviction for escape from lawful custody and attempted resisting and obstructing an officer; and (2) a 1995 conviction for resisting and obstructing an officer. Both offenses were deemed "crime[s] of violence" pursuant to USSG §§ 4B1.1 and 4B1.2. Blomquist objected to the characterization of the 1993 offenses as crimes of violence because both offenses are misdemeanors in Michigan and not punishable by at least one year of imprisonment. He also objected to the classification of the 1995 offense as a crime of violence because it is a misdemeanor and does not usually by its nature qualify as a crime of violence.

At the sentencing hearing on July 23, 2003, the district court found that Blomquist was a career offender based on the 1995 conviction for resisting and obstructing an officer and a 1999

---

[1] Pursuant to the Guidelines, "[a] career offender's criminal category . . . shall be Category VI," unless "the defendant is convicted of 18 U.S.C. § 924(c) or § 929(a), and the defendant is determined to be a career offender," in which case, another Guidelines provision governs. USSG § 4B1.1(b)-(c).

conviction for third-degree felony fleeing and eluding an officer. Defendant's sentencing range was calculated to be 188 to 235 months based on his criminal history category of VI and a base offense level of 31. However, the court granted the government's motion for a downward departure of three points for substantial assistance. The district court sentenced Blomquist to 140 months' imprisonment for the manufacturing charge and 120 months for the firearm charge, to be served concurrently. Had Blomquist's total offense level been calculated as 23 instead of 31, with a criminal history category of VI, the guidelines range would have been 92-115 months.

On appeal, we affirmed his conviction but vacated his sentence in light of *United States v. Booker*, 543 U.S. 220, 263-64 (2005), and remanded the case to the district court. On remand, the district court imposed the same sentence. Blomquist timely appealed, arguing that: (1) the district court improperly determined that he was a career offender because his state conviction for resisting and obstructing an officer does not constitute a "crime of violence;" and (2) his sentence is unreasonable because (a) the district court imposed the same sentence on remand, (b) his criminal history score overestimates his criminal past, (c) the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a), and (d) the supervised release conditions were improper. We affirmed Defendant's conviction and sentence and Blomquist appealed to the Supreme Court. The Supreme Court granted Blomquist's petition for a writ of certiorari, vacating the judgment and remanding to this Court for further consideration in light of *Chambers*.

## DISCUSSION

### A.     Standard of Review

We review *de novo* "a district court's conclusion that a crime qualifies as a predicate offense for the career-offender designation." *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009) (quoting *United States v. Skipper*, 552 F.3d 489, 491 (6th Cir. 2009)).

**B.      Analysis**

Under the Sentencing Guidelines, a defendant is a career offender if he was at least 18 years old when he committed the instant offense, the offense is a felony "crime of violence" or controlled substance offense, and he has been convicted of at least two other "crime[s] of violence" or controlled substance offenses. USSG § 4B1.1(a). A "crime of violence" is any felony under state or federal law, punishable by imprisonment for more than one year, that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of injury to another*." *Id.* § 4B1.2(a) (emphasis added). Application Note 1 of Section 4B1.2 clarifies this definition, enumerating several offenses, none of which are at issue in this case.[2] In determining whether an offense constitutes a crime of violence, the inquiry focuses on "the offense of conviction." *Id.* § 4B1.2 comment. (n.2). The Michigan Resisting and Obstructing statute in effect at the time Blomquist was convicted read as follows:

---

[2] Specifically, a "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." USSG, § 4B1.2 comment. (n.1).

Sec. 479. Resisting, etc., officer in discharge of duty--Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars.

M.C.L. § 750.479 (2002).

"A federal sentencing court considering an . . . enhancement . . . must take state law as it finds it, including state courts' interpretations of state law." *United States v. Collier*, 493 F.3d 731, 737 (6th Cir. 2007) (citing *James v. United States*, 550 U.S. 192, 205-06 (2007)). In *People v. Vasquez*, the Michigan Supreme Court held that "obstruct[ing]" as used in M.C.L. § 750.479 included "threaten[ing], either expressly or impliedly, physical interference and actual physical interference with a police officer." 465 Mich. 83, 100 (Mich. 2001). The court stated that "passive conduct may sometimes be sufficient to constitute obstruction under the 'resisting and obstructing' statute" but only if that passive conduct "rises to the level of threatened physical interference." *Id.* at 97. Moreover, in finding that the conduct at issue was "not the type of conduct that Michigan's 'resisting and obstructing' statute was intended to proscribe," the court noted that "the police officer was not faced with a situation in which his next act would, more likely than not, involve physical confrontation." *Id.* at 98-99.

In response to *Vasquez*, the Michigan legislature enacted § 750.81d(1) and amended §

750.479, opting to define the term "obstruct" as including "the use or threatened use of physical

interference or force *or a knowing failure to comply with a lawful command*." M.C.L. §

750.479(8)(a) (emphasis added). Looking at the plain language of § 750.479, the offense does not

require a use or threatened use of force. Rather, a person can violate the statute simply by

"knowing[ly] fail[ing] to comply with a lawful command." The offense also does not involve

burgling a dwelling, arson, extortion, or the use of explosives. Thus, this discussion will focus on

whether the offense is one that "otherwise involves conduct that presents a serious potential risk of

injury to another." USSG § 4B1.2(a).

The "otherwise" clause "covers only *similar* crimes, rather than *every* crime that 'presents

a serious potential risk of physical injury to another.'" *Begay v. United States*, 128 S. Ct. 1581, 1585

(2008). An offense is a crime of violence under this clause if it is "similar, in kind as well as in

degree of risk posed," to the enumerated offenses. *United States v. Mosley*, 575 F.3d 603, 606 (6th

Cir. 2009) (quoting *Begay*, 128 S. Ct. at 1585). This determination is made using the categorical

approach set forth in *Taylor v. United States*, 495 U.S. 575, 601 (1990).

> The categorical approach articulated in *Taylor* . . . and extended to plea-based
> convictions in *Shepard v. United States* . . . for determining whether a prior
> conviction constitutes a "violent felony" under the Armed Career Criminal Act
> (ACCA) . . . has been applied by [the Sixth Circuit] to . . . determine] . . . whether a
> prior conviction constitutes a "crime of violence" under USSG § 4B1.2(a).

*United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008). This approach requires that we look only

to the fact of conviction and the statutory definition in determining whether that statutory definition

supports the conclusion that the defendant was convicted for a crime of violence. *Id.* (citing *United*

*States v. Armstead*, 467 F.3d 943, 947 (6th Cir. 2006)). Therefore, "to determine, for example, whether attempted burglary is a 'violent felony,' we [must] examine, not the unsuccessful burglary the defendant attempted on a particular occasion, but the generic crime of attempted burglary." *United States v. Chambers*, 129 S. Ct. 687, 690 (2009) (citing *James*, 550 U.S. at 204–06). This approach "avoid[s] 'the practical difficulties and potential unfairness' of permitting a sentencing court to relitigate the facts and delve into the details of a prior conviction." *Bartee*, 529 F.3d at 359 (quoting *Armstead*, 467 F.3d at 947).

In *United States v. Mosley*, we determined that under *United States v. Chambers*, a "knowing failure to comply with a lawful command" conviction is a distinct offense and "is not a crime of violence under the 'otherwise' clause [of USSG § 4B1.2(a)(2)]." 575 F.3d at 607.

> The offense . . . does not involve comparable "purposeful, violent, and aggressive" conduct. *Begay*, 128 S.Ct. at 1586. Even though the offense involves conduct that often will be "purposeful," "nothing in the statute . . . requires the offense to involve . . . violence or . . . aggressiveness." *Ford*, 560 F.3d at 423. All the individual must do is know about an officer's lawful order and fail to obey it, no matter the nature of the order, no matter the circumstances. A knowing failure to comply with a lawful command–say, by refusing to produce information, by ignoring an officer's command not to cross the street or by failing to stay put at an accident scene–is no more aggressive and violent than walking away from custody, *id.*, drunk driving, *Begay*, 128 S.Ct. at 1588, or a failure to report to prison, *Chambers*, 129 S.Ct. at 691-93. If these offenses are not crimes of violence, neither is this one . . . Nor, for similar reasons, does the offense entail the same degree of risk of physical injury to other individuals as the enumerated offenses.

*Id.* Although there may be instances where a person's failure to follow an officer's lawful command poses more risk, there is "no basis . . . for concluding that the typical violation would create such a danger." *Id.*

Defendant argues that the Michigan Supreme Court's interpretation of § 750.479 in *Vasquez* leads to the conclusion that the statute embodies two distinct types of behavior—expressed aggressive conduct and passive non-violent conduct—and therefore, the *Mosley* analysis applies. The government counters that *Mosley* concerned M.C.L. § 750.81d, the sister statute to § 750.479, and § 750.479 did not define "obstruct" to include a "knowing failure to comply with a lawful command" until 2002. Thus, the government asserts, *Mosley's* interpretation of that portion of the statute as not categorically being a crime of violence is not controlling in this case.

The government's argument is unconvincing. Under the categorical approach, this Court must choose the correct category, which may require "draw[ing] distinctions that the state law on its face does not draw." *Mosley*, 575 F.3d at 606 (citing *Chambers*, 129 S. Ct. at 690). "[B]efore [the Court] examine[s] the ordinary behavior underlying a conviction . . . [the Court] must decide at the outset how to classify violations, and most significantly . . . whether the statute should be treated as involving more than one category of offense for federal crimes-of-violence purposes." *Id.* As we stated in *Mosley*, under *Chambers*, a "knowing failure to comply with a lawful command" conviction is a distinct offense and "is not a crime of violence." *Id.* at 607.

Moreover, the Michigan legislature's amendment of M.C.L. § 750.479 suggests that it intended to clarify the meaning of "obstruct" in the wake of *Vasquez*. The Michigan Supreme Court has stated that it "must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute." *Bush v. Shabahang*, Nos. 136617, 136653, 136983, 2009 WL 2259819, at *4 (Mich. July 29, 2009). The amendment at issue

does not reflect a legislative change in meaning but rather, clarifies the correct interpretation of the statute. The amended statute defines the term "obstruct" as including "the use or threatened use of physical interference or force *or* a knowing failure to comply with a lawful command." M.C.L. § 750.479(8)(a) (emphasis added). Thus, it incorporates both the *Vasquez* interpretation and the "knowing failure to comply" language, suggesting a desire by the Michigan legislature to clarify that "obstruct[ing]" is not limited to the interpretation set forth in *Vasquez*.

The government argues that even if M.C.L. § 750.479 is not categorically a crime of violence, that Blomquist's resisting and obstructing offense nonetheless qualifies as a crime of violence. Specifically, the government asserts that since the felony complaint states that "Defendant struck the officer repeatedly and attempted to flee the scene after this officer had identified himself and had attempted to place the Defendant under arrest," Defendant's conduct would still constitute a crime of violence. (Supplemental Br. of Appellee at 8-9.) Blomquist does not address this issue, but rather confines his argument to the fact that M.C.L. § 750.479 is not categorically a "crime of violence" and thus, the case should be remanded to the district court for resentencing.

Both arguments have merit. Although the *Mosley* court was unable to classify the defendant's prior conviction and thus, could not deem it a crime of violence at the categorical stage, that did not end the inquiry. As we stated in *United States v. Ford*, "the first question . . . [is] the *Taylor* question . . . [t]he second question [is] the *Shepard* question." 560 F.3d 420, 426 (6th Cir. 2009). If a defendant can violate the state law in a manner that amounts to a crime of violence and in a manner that does not, the court can "consider the indictment, the plea agreement, the plea colloquy or 'comparable judicial record[s]' to determine whether the individual's actual conduct

9

'necessarily' establishes the nature of the offense." *Mosley*, 575 F.3d at 606 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Blomquist is correct that M.C.L. § 750.479 is not categorically a crime of violence. However, if upon examining the appropriate *Shepard* documents, the government's assertions about Blomquist's offense are true, then that offense would constitute a crime of violence and Blomquist's career offender enhancement would be proper. Thus, resentencing would be unnecessary. We, therefore, remand the case to the district court for reconsideration of Defendant's sentence based on the appropriate *Shepard* documents.

## CONCLUSION

For the reasons set forth above, we **REVERSE** the district court's determination that M.C.L. § 750.479 is categorically a crime of violence for purposes of the career offender enhancement and **REMAND** for further proceedings consistent with this opinion.

**Kennedy, Circuit Judge, concurring.**

I concur in the panel's order but have one additional reason to order remand. On remand, the government may choose to bolster its claim that Blomquist was convicted for a crime of violence by introducing the "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Before a court in Michigan can accept a guilty plea to a felony, it must "by questioning the defendant, . . . establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D). Although considerable time has elapsed since the defendant pleaded guilty, the government may be able to obtain these judicial records and provide them to the district court in support of the enhancement.