**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4346**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

v.

DERRICK LEON SAMUELS,

                Defendant - Appellant,

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-00183-RBH-1)

Submitted:  June 22, 2010         Decided:  July 8, 2010

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Russell W. Mace III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Leon Samuels pleaded guilty to being a felon in possession of ammunition, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (2006). The district court enhanced Samuels's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), after determining that Samuels had three prior convictions for violent felonies. On appeal, Samuels contends that the district court erred in counting his 1994 conviction under South Carolina law for failure to stop for a blue light as a violent felony.

In United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009), we held that a conviction under South Carolina law for failure to stop for a blue light, S.C. Code Ann. § 56-5-750(A), constituted a crime of violence under the ACCA only in some circumstances, namely, intentional violations of the statute. Id. at 240. The district court, acting only with the benefit of that decision, determined that Samuels's conviction under the statute was intentional because "the indictment does indicate the word willfully," which the district court felt "equate[d] to intentional conduct." Accordingly, the district court concluded that Samuels's conviction counted as an ACCA predicate offense.

We recently held, however, that in light of the Supreme Court's decision in Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687 (2009), which was issued eight days after

2

Roseboro, "a violation of South Carolina's blue light statute . . . does not qualify as a predicate offense for purposes of the ACCA." United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010).

Accordingly, the district court erred in counting Samuels's conviction for failure to stop for a blue light as a violent felony for purposes of the ACCA. We therefore vacate the judgment of the district court and remand the case for resentencing consistent with our decision in Rivers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED