Justice Breyer
delivered the opinion of the Court.
The question before us is whether a “failure to report” for penal confinement is a “ ‘violent felony’ ” within the terms of the Armed Career Criminal Act. 18 U. S. C. § 924(e). We hold that it is not.
*124 I
The Armed Career Criminal Act (ACCA) imposes a 15-year mandatory prison term on an individual convicted of being a felon in possession of a firearm if that individual has “three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another.” § 924(e)(1). ACCA defines a “violent felony” as a “crime punishable by imprisonment for a term exceeding one year” that also either
“(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
“(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” § 924(e)(2)(B).
Clause (ii), ACCA’s so-called residual clause, is at issue here.
II
The petitioner, Deondery Chambers, pleaded guilty to a charge of being a felon unlawfully in possession of a firearm. § 922(g). At sentencing the Government asked the District Court to apply ACCA’s 15-year mandatory prison term because, in its view, three of Chambers’ prior convictions qualified as an ACCA “serious drug offense” or “violent felony.” Chambers conceded that two of his prior convictions, namely, a 1998 conviction for robbery and aggravated battery and a 1999 drug crime conviction, fell within ACCA’s definitions. But he disputed the Government’s claim as to a third conviction. That third conviction arose out of Chambers’ sentence for his 1998 robbery and battery offense. The sentence required Chambers to report to a local prison for 11 weekends of incarceration. He failed to report for weekend confinement on four occasions, and was later convicted of the crime *125 of “fail[ing] to report to a penal institution.” Ill. Comp. Stat., ch. 720, §5/31-6(a) (West Supp. 2008).
The District Court treated the “failure to report” as a form of what the relevant Illinois statute calls “escape from [a] penal institution,” ibid., and held that the crime qualified as a “violent felony” under ACCA. The Court of Appeals agreed. 473 F. 3d 724 (CA7 2007). In light of disagreement among the Circuits as to whether failure to report for imprisonment falls within the scope of ACCA’s definition of “violent felony,” we granted certiorari. Compare United States v. Winn, 364 F. 3d 7, 12 (CA1 2004) (failure to report is a “violent felony”), with United States v. Piccolo, 441 F. 3d 1084, 1088 (CA9 2006) (failure to report is not a “violent felony”).
Ill
We initially consider the classification of the crime. In ordinary speech, words such as “crime” and “felony” can refer not only to a generic set of acts, say, burglary in general, but also to a specific act committed on a particular occasion, say, the burglary that the defendant engaged in last month. We have made clear, however, that, for purposes of ACCA’s definitions, it is the generic sense of the word “felony” that counts. Taylor v. United States, 495 U. S. 575, 602 (1990); see also Shepard v. United States, 544 U. S. 13,16-17 (2005). The statute’s defining language, read naturally, uses “felony” to refer to a crime as generally committed. And by so construing the statute, one avoids the practical difficulty of trying to ascertain at sentencing, perhaps from a paper record mentioning only a guilty plea, whether the present defendant’s prior crime, as committed on a particular occasion, did or did not involve violent behavior. See id., at 20-21. Thus, to determine, for example, whether attempted burglary is a “violent felony,” we have had to examine, not the unsuccessful burglary the defendant attempted on a particular occasion, but the generic crime of attempted burglary. James v. United States, 550 U. S. 192, 204-206 (2007).
*126 This categorical approach requires courts to choose the right category. And sometimes the choice is not obvious. The nature of the behavior that likely underlies a statutory phrase matters in this respect. Where Massachusetts, for example, placed within a single, separately numbered statutory section (entitled “Breaking and entering at night,” Mass. Gen. Laws Ann., ch. 266, § 16 (West 2008)) burglary of a “building, ship, vessel or vehicle,” this Court found that the behavior underlying, say, breaking into a building differs so significantly from the behavior underlying, say, breaking into a vehicle that for ACCA purposes a sentencing court must treat the two as different crimes. See Shepard, supra, at 16-17; see also Taylor, supra, at 598.
The Illinois statute now before us, like the Massachusetts statute, places together in a single numbered statutory section several different kinds of behavior. It separately describes those behaviors as (1) escape from a penal institution, (2) escape from the custody of an employee of a penal institution, (3) failing to report to a penal institution, (4) failing to report for periodic imprisonment, (5) failing to return from furlough, (6) failing to return from work and day release, and (7) failing to abide by the terms of home confinement. Ill. Comp. Stat., ch. 720, § 5/31 — 6(a); see Appendix A, infra. We know from the state-court information in the record that Chambers pleaded guilty to “knowingly fail[ing] to report” for periodic imprisonment “to the Jefferson County Jail, a penal institution.” App. 68; see Shepard, supra, at 25 (sentencing court may look, for example, to charging document, plea agreement, jury instructions, or transcript of plea colloquy to determine crime at issue). But we must decide whether for ACCA purposes a failure to report counts as a separate crime.
Unlike the lower courts, we believe that a failure to report (as described in the statutory provision’s third, fourth, fifth, and sixth phrases) is a separate crime, different from escape *127 (the subject matter of the statute’s first and second phrases), and from the potentially less serious failure to abide by the terms of home confinement (the subject of the final phrase); The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody. See Begay v. United States, 553 U. S. 137, 144-146 (2008). Moreover, the statute itself not only lists escape and failure to report separately (in its title and its body) but also places the behaviors in two different felony classes (Class Two and Class Three) of different degrees of seriousness. See Appendix A, infra.
At the same time, we believe the statutory phrases setting forth various kinds of failure to report (or to return) describe roughly similar forms of behavior. Each is characterized by a failure to present oneself for detention on a specified occasion. All amount to variations on a single theme. For that reason we consider them as together constituting a single category. Cf. James, supra, at 207-209 (determining that where separately listed behaviors pose a similar degree of risk, sentencing courts may consider all listed behaviors as a single crime). We consequently treat the statute for ACCA purposes as containing at least two separate crimes, namely, escape from custody on the one hand, and a failure to report on the other. Failure to abide by home confinement terms— potentially the least serious of the offenses — is not at issue here.
IV
We now must consider whether the “failure to report” crime satisfies ACCA’s “violent felony” definition. It clearly satisfies the first part of that definition, for it is a “crime punishable by imprisonment for a term exceeding one year.” 18 U. S. C. § 924(e)(2)(B). But it satisfies none of the other parts. It does not have “as an element the use, attempted use, or threatened use of physical force against the person of *128 another.” § 924(e)(2)(B)(i). It does not consist of “burglary, arson, or extortion,” or “involv[e] use of explosives.” § 924(e)(2)(B)(ii). And, more critically for present purposes, it does not “ ‘involve conduct that presents a serious potential risk of physical injury to another.’” See Begay, 553 U. S., at 141-142; id., at 153-154 (Scalia, J., concurring in judgment) (treating serious risk of physical injury to another as critical definitional factor); id., at 156-158 (Alito, J., dissenting) (same).
Conceptually speaking, the crime amounts to a form of inaction, a far cry from the “purposeful, ‘violent,’ and ‘aggressive’ conduct” potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion. Cf. id., at 144-145. While an offender who fails to report must of course be doing something at the relevant time, there is no reason to believe that the something poses a serious potential risk of physical injury. Cf. James, 550 U. S., at 203-204. To the contrary, an individual who fails to report would seem unlikely, not likely, to call attention to his whereabouts by simultaneously engaging in additional violent and unlawful conduct.
The Government argues that a failure to report reveals the offender’s special, strong aversion to penal custody. And it points to three cases arising over a period of 30 years in which reported opinions indicate that individuals shot at officers attempting to recapture them. See United States v. Eaglin, 571 F. 2d 1069, 1072 (CA9 1977); State v. Johnson, 245 S. W. 3d 288, 291 (Mo. Ct. App. 2008); State v. Jones, 96 Wash. App. 369, 371-372, 979 P. 2d 898, 899 (1999). But even if we assume for argument’s sake the relevance of violence that may occur long after an offender fails to report, we are not convinced by the Government’s argument. The offender’s aversion to penal custody, even if special, is beside the point. The question is whether such an offender is signifi *129 cantly more likely than others to attack, or physically to resist, an apprehender, thereby producing a “serious potential risk of physical injury.” § 924(e)(2)(B)(ii). And here a United States Sentencing Commission report helps provide a conclusive, negative answer. See Report on Federal Escape Offenses in Fiscal Years 2006 and 2007, p. 7 (Nov. 2008) (hereinafter Commission’s Report), reprinted in part in Appendix B, infra. See also 473 F. 3d, at 727 (Posner, J.) (urging that such research be done).
The Commission’s Report identifies every federal case in 2006 or 2007 in which a federal sentencing court applied the Sentencing Guideline, “Escape, Instigating or Assisting Escape,” 1 United States Sentencing Commission, Guidelines Manual §2P1.1 (Nov. 2008), and in which sufficient detail was provided, say, in the presentence report, about the circumstances of the crime to permit analysis. The analysis included calculation of the likelihood that violence would accompany commission of the escape or the offender’s later apprehension.
Of 414 such cases, 160 involved a failure to report either for incarceration (42) or for custody after having been temporarily released (118). Commission’s Report 7; see also Appendix B, infra. Of these 160 cases, none at all involved violence — not during commission of the offense itself, not during the offender’s later apprehension — although in 5 instances (3.1%) the offenders were armed. Ibid. The upshot is that thé study strongly supports the intuitive belief that failure to report does not involve a serious potential risk of physical injury.
The three reported cases to which the Government points do not show the contrary. The Sentencing Commission culled its 160 instances from a set of federal sentences imposed over a period of two years. The Government apparently culled its three examples from a set of state and federal sentences imposed over a period of 30 years. Compare Eag *130 lin, supra (CA9 1977), with Johnson, supra (Mo. Ct. App. 2008). Given the larger set, the presence of three instances of violence is consistent with the Commission’s data. Simple multiplication (2 years versus 30 years; federal alone versus federal-plus-state) suggests that they show only a small risk of physical violence (less than one in several thousand). And the Government provides no other empirical information.
For these reasons we conclude that the crime here at issue falls outside the scope of ACCA’s definition of “violent felony.” § 924(e)(2)(B)(ii). The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

APPENDIXES
A
“Escape; failure to report to a penal institution or to report for periodic imprisonment.
“A person convicted of a felony, adjudicated a delinquent minor for the commission of a felony offense under the Juvenile Court Act of 1987, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony; however, a person convicted of a felony or adjudicated a delinquent minor for the commission of a felony offense under the Juvenile Court Act of 1987 who knowingly fails to report to a penal institution or to report for periodic imprisonment at any time or knowingly fails to return from furlough or from work and day release or who knowingly fails to abide by the terms of home confinement is guilty of a Class 3 felony.” Ill. Comp. Stat., ch. 720, §5/31-6(a) (West Supp. 2008).
*131 B
Report on Federal Escape Offenses in Fiscal Years 2006 and 2007, p. 7, fig. 1 (Nov. 2008).*
[[Image here]]

Cases can fall into more than one category. For example, one case could involve both force and injury. Such a case would be represented in the table for force and also for injury. Therefore, the reader should not aggregate the numbers in any column.