FILED
United States Court of Appeals
Tenth Circuit

March 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN D. TURNER,

Defendant - Appellant.

No. 08-3182
(D. Ct. No. 6:07-CR-10175-MLB-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

In *Chambers v. United States*, – U.S. –, 129 S. Ct. 687, 691 (2009), the Supreme Court held that failure to report to a penal institution does not involve conduct that presents a serious potential risk of physical injury to another, and therefore a conviction for failure to report does not qualify as a violent felony under the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Brian D. Turner was sentenced under the ACCA in part because he has a prior conviction for failing to return to custody following temporary lawful leave. *See* Kan. Stat. Ann. § 21-3810(a); § 21-3809(b)(2). In this direct appeal, Mr. Turner challenges only his sentence, contending

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that the ACCA enhancement was inappropriate after *Chambers*.  We agree.  After

*Chambers*, a conviction for failing to return to custody does not qualify as a violent

felony under the ACCA.  We therefore remand this matter to the United States District

Court for the District of Kansas with instructions to vacate Mr. Turner's original sentence

and to resentence him in accordance with this order and judgment and *Chambers v.*

*United States*, – U.S. –, 129 S. Ct. 687 (2009).[1]

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Both Mr. Turner and the government contend that Mr. Turner's other conviction under Kan. Stat. Ann. §  21-3810(a), which apparently involved a so-called "walkaway" escape from a residential center, is also not a violent felony after *Chambers*.  We do not reach this question.  The ACCA does not apply regardless whether the other conviction qualifies as a violent felony, and on appeal Mr. Turner has asked only to be resentenced without application of the ACCA.  To the extent the characterization of that conviction otherwise affects the calculation of Mr. Turner's sentence, however, the district court should consider the issue during resentencing.