NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

April 2, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4013

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> ANTHONY LEE CRUZ, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:05-CR-154 <br><br> Rudy Lozano, <br> *Judge*. |

**O R D E R**

This case returns to us on remand from the Supreme Court, *see Cruz v. United States*, 129 S. Ct. 992 (2009), directing reconsideration in light of *Chambers v. United States*, 129 S. Ct. 687 (2009).

Anthony Cruz pleaded guilty to possession of a firearm by a felon.  *See* 18 U.S.C. § 922(g)(1).  The district court classified Cruz's 1999 felony conviction for Failure to Return to Lawful Detention, *see* IND. CODE § 35-44-3-5(c), as a crime of violence and sentenced him to 51 months' imprisonment and three years' supervised release.  Subsequently the

Supreme Court decided *Chambers* in which it held that the Illinois offense of failing to report for service of a criminal sentence is not a "violent felony" for purposes of the Armed Career Criminal Act. 129 S. Ct. at 693. Although Cruz was not sentenced as an armed career criminal, we interpret "violent felony" the same way as "crime of violence." *See, e.g., United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). In their statements filed in accordance with this court's Circuit Rule 54, both parties agree that this case should be remanded to the district court for resentencing.

Accordingly, the sentence of the district court is vacated and this case is remanded for proceedings consistent with this order.