**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0543n.06

**No. 08-1813**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 05, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MAURICE LASHON EMERY, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: CLAY and SUTTON, Circuit Judges; THAPAR, District Judge.[*]

SUTTON, Circuit Judge. Maurice Emery appeals his sentence for bank robbery, challenging the district court's conclusion that he is a career offender under the sentencing guidelines. Because resisting and obstructing a police officer under Mich. Comp. Laws § 750.81d(1) is not categorically a crime of violence, as we recently concluded in a separate case, *see United States v. Mosley*, No. 08-1783, __F.3d__, 2009 WL 2176634, at *4 (6th Cir. July 23, 2009), we vacate his sentence and remand for resentencing.

I.

In 2008, Emery pleaded guilty to bank robbery. *See* 18 U.S.C. § 2113(a). After finding that Emery was a career offender, *see* U.S.S.G. § 4B1.1, the district court calculated a guidelines range

---

[*] Judge Amul Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of 151 to 188 months and sentenced him to 188 months in prison. In explaining its career-offender determination, the district court found that Emery's prior state-court conviction for resisting and obstructing a police officer was a crime of violence. *See* Mich. Comp. Laws § 750.81d(1). Emery objected to the classification before the sentencing judge, and he objects to the classification on appeal. (For what it is worth, Emery did not object then, and he does not object now, to the district court's classification of a separate state-court conviction as a crime of violence.)

II.

We recently considered whether resisting and obstructing a police officer under Mich. Comp. Laws § 750.81d(1) is categorically a crime of violence in *Mosley*, and we held that it was not. *See* 2009 WL 2176634, at *1. We follow the same path here.

An individual is a career offender under the sentencing guidelines if (1) he was at least 18 when he committed the crime of conviction, (2) the crime of conviction is a felony crime of violence or a felony controlled-substance offense, and (3) he has been convicted of at least two other crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1. A "crime of violence" is one that "[1] has as an element the use, attempted use, or threatened use of physical force against the person of another . . . [2a] is burglary of a dwelling, arson, or extortion, involves use of explosives, or [2b] otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

In determining whether a prior conviction is a crime of violence, we use a "categorical approach"—considering the crime as defined by the statute, not as defined by the particulars of the individual's underlying conduct. *Taylor v. United States*, 495 U.S. 575, 600–02 (1990); *see Mosley*, 2009 WL 2176634, at \*2. If the statutory definition includes an offense that is not a crime of violence and one that is, we may look at "the indictment, the plea agreement, the plea colloquy or 'comparable judicial record[s]'" to discover whether the defendant "necessarily" pleaded guilty to a crime of violence. *Mosley*, 2009 WL 2176634, at \*2 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In *Mosley*, we addressed whether resisting and obstructing a police officer under Mich. Comp. Laws § 750.81d(1) is a crime of violence. 2009 WL 2176634, at \*4. The offense under Michigan law is defined as follows: "[A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both." Mich. Comp. Laws § 750.81d(1). The term "obstruct[ing]" is further defined as "includ[ing] . . . a knowing failure to comply with a lawful command." *Id.* § 750.81d(7)(a). Consistent with *Chambers v. United States*, \_\_U.S.\_\_, 129 S.Ct. 687 (2009), we emphasized that, "before we examine the ordinary behavior underlying a conviction under the statute, we must decide at the outset how to classify violations, and most significantly we must decide whether the statute should be treated as involving more than one category of offense for federal crimes-of-violence purposes." *Mosley*, 2009 WL 2176634, at \*4.

In holding that a violation of the statute was not categorically a crime of violence in *Mosley*, we said the following:

> [W]e know that Mich. Comp. Laws § 750.81d(1) contains at least two categories of crimes, and that at least one of those categories, "obstruct[ing]" based on a "knowing failure to comply with a lawful command," is not a crime of violence. We also know that Mosley's conviction was for a violation of that statute, but we do not know which category his offense falls into. Treating the offense as "containing at least two separate crimes" for purposes of determining the nature of a prior conviction, *Chambers*, 129 S.Ct. at 691, means that we cannot classify Mosley's prior conviction and, at least at the categorical step of the inquiry, it cannot qualify as a crime of violence.

*Id.* The same conclusion applies here.

As in *Mosley*, the government will have a chance on remand to argue that the relevant *Shepard* documents show that Emery committed a crime of violence, by showing that "the indictment, the plea agreement, the plea colloquy or 'comparable judicial record[s],'" *id.* at *2 (quoting *Shepard*, 544 U.S. at 26), establish that Emery necessarily admitted to a crime of violence when he pleaded guilty to resisting and obstructing a police officer. Because we must vacate Emery's sentence, it is not necessary to address his argument that his sentence was procedurally unreasonable.

III.

For these reasons, we vacate Emery's sentence and remand for resentencing.