**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5153**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOSEPH T. MULKERIN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:07-cr-00264-F-1)

Submitted:  August 21, 2009          Decided:  October 7, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Robert
J. Higdon, Jr., Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph T. Mulkerin pled guilty pursuant to a written plea agreement to bank larceny, in violation of 18 U.S.C. § 2113(b) (2006). The district court departed upward from the six to twelve month Guidelines range in sentencing Mulkerin to the statutory maximum of 120 months' imprisonment, see 18 U.S.C. § 2113(b) (prescribing ten-year statutory maximum for bank larceny of currency or property exceeding a value of $1000), finding that if the associated bank robbery count had not been dismissed, Mulkerin would have been classified as a career offender.

Mulkerin's counsel contends on appeal that the sentence is unreasonable because the district court failed to consider mitigating factors in fashioning its sentence. Additionally, counsel questions whether Mulkerin would have been classified as a career offender if the bank robbery indictment had not been dismissed. The Government agrees that Mulkerin's sentence is unreasonable as it was based on an erroneous application of the career offender guideline provision.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). In reviewing the district court's

application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall, 128 S. Ct. at 591.

The district court departed upward, finding the seriousness of the underlying offense, bank robbery, was not adequately reflected in the applicable advisory Guidelines range. As the court concluded that Mulkerin would have been a career offender if the bank robbery charge had not been dismissed, it based the departure range on the career offender guideline provision. Mulkerin was sentenced in accordance with this range, limited only by the statutory maximum.

It is undisputed that Mulkerin has a prior felony conviction for common law robbery that would qualify as a predicate offense under the career offender provision. Both parties, however, challenge the second potential predicate offense considered by the district court, Mulkerin's 1999 Pennsylvania conviction for escape, as the Presentence Investigation Report is silent on the facts surrounding the offense.

3

The Pennsylvania escape statute under which Mulkerin was convicted states that "[a] person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa. Cons. Stat. § 5121(a) (2009). As defined in § 5121(a), "the crime amounts to a form of inaction, a far cry from the purposeful, violent, and aggressive conduct" that is the subject of recidivist statutes. Chambers v. United States, 129 S. Ct. 687, 692 (2009) (internal quotation marks and citation omitted) (determining comparable Illinois escape statute was not a violent felony under the Armed Career Criminal Act).

Although 18 Pa. Cons. Stat. § 5121(d)(1)(ii) permits grading of the offense based on the use of "force, threat, deadly weapon or other dangerous instrumentality," there is nothing in the presentence report to suggest that any of these circumstances were present in the conduct that led to Mulkerin's 1999 conviction. Thus, the materials in the joint appendix do not support a finding that Mulkerin would have been classified as a career offender if the bank robbery charge had not been dismissed. As the district court committed significant procedural error by selecting a sentence based on a clearly erroneous fact, Mulkerin's sentence is unreasonable. See Gall, 128 S. Ct. at 597.

4

Accordingly, we vacate the sentence and remand for resentencing in light of our holding. We, of course, indicate no view as to the appropriate sentence to be imposed upon Mulkerin, leaving that determination, in the first instance, to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED