FILED
United States Court of Appeals
Tenth Circuit

December 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STACY L. FISHER,

Defendant - Appellant.

No. 09-3145
(D. Kansas)
(D.C. Nos. 6:06-CR-10162-1-JTM and
6:09-CV-01074-JTM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Stacy Fisher's pro se request for a

certificate of appealability ("COA"). Fisher seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B).

Because Fisher has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

Fisher pleaded guilty, pursuant to a plea agreement, to one count of illegal

possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1). The plea agreement specifically contemplated Fisher would be

sentenced within the range set out in the Sentencing Guidelines, as determined by

the district court. Fisher further agreed, in exchange for concessions from the government, to waive his right to collaterally attack his sentence, so long as the sentence imposed was "within the [G]uideline range determined appropriate by the court."

Despite his specific waiver of the right to collaterally attack his sentence, Fisher filed the instant § 2255 motion. In his § 2255 motion, Fisher asserted his Guideline sentencing range was miscalculated because the district court treated a prior escape as a crime of violence, for purposes of U.S.S.G. § 2K2.1(a)(2), in contravention of *Chambers v. United States*, 129 S. Ct. 687 (2009). The district court denied Fisher's § 2255 motion on the basis of the waiver of Fisher's right to collaterally attack his sentence. The district court noted Fisher's claim did not fall within any exception to the general rule upholding the enforceability of such waivers. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). In particular, the district court noted the issue Fisher sought to raise was within the broad scope of the waiver, the waiver was entered knowingly and voluntarily, and the enforcement of the waiver would not work a miscarriage of justice as that term was narrowly defined in *Hahn*.

Alternatively, the district court noted that even were Fisher to prevail on the issue set out in his § 2255 motion, it would not alter his sentence. U.S.S.G. § 2K2.1(a)(2) establishes a base offense level of twenty-four if a defendant illegally possessed a firearm "subsequent to sustaining at least two felony

convictions of either a crime of violence or a controlled substance offense."  In the second numbered paragraph of his plea agreement, Fisher specifically recognized that prior to his possession of the firearm in the instant case, he had been convicted of two felony controlled substances offenses.  Thus, without regard to whether his escape was properly considered a violent felony, his base offense level was properly calculated pursuant to § 2K2.1(a)(2).

The granting of a COA is a jurisdictional prerequisite to Fisher's appeal from the denial of his § 2255 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Fisher must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (quotations omitted).  In evaluating whether Fisher has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Fisher need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*

Having undertaken a review of Fisher's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by

the Supreme Court in *Miller-El*, we conclude Fisher is not entitled to a COA.  The district court's resolution of Fisher's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.  Accordingly, this court **DENIES** Fisher's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge