**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4436**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SABU ABDUL JAUHARI,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Robert G. Doumar, Senior
District Judge.  (4:08-cr-00055-RGD-TEM-1)

Submitted:  August 27, 2010       Decided:  September 10, 2010

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Keith Loren Kimball, Assistant Federal Public Defenders,
Norfolk, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, Scott W. Putney, Assistant United States
Attorney, Newport News, Virginia; Gary G. Grindler, Deputy
Assistant Attorney General, Lanny A. Breuer, Assistant Attorney
General, J. Cam Barker, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabu Abdul Jauhari pled guilty to being a felon in possession a weapon and ammunition in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2006) and was sentenced to sixty months of imprisonment. On appeal, Jauhari contends that his sentence was improperly enhanced, under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2008), because his prior Virginia conviction for larceny from a person did not qualify as a violent felony. For the reasons that follow, we affirm.

Jauhari argues that this court's opinion in United States v. Smith, 359 F.3d 662 (4th Cir. 2004), finding that the Virginia offense of larceny from a person was a violent felony for purposes of the Armed Career Criminal Act, is no longer good law following the Supreme Court's opinions in Chambers v. United States, 555 U.S. __, 129 S. Ct. 687 (2009), and Begay v. United States, 128 S. Ct. 1581 (2008).[*]

Jauhari's argument, however, is foreclosed by our recent opinion in United States v. Jarmon, 596 F.3d 228 (4th Cir. 2010), petition for cert. filed, __ U.S.L.W. __ (U.S. May

---

[*] Because the language defining a violent felony in 18 U.S.C. § 924(e) is nearly identical to the language defining a crime of violence in USSG § 4B1.2(a), this court looks to its case law interpreting both provisions when examining whether a prior crime involves conduct that presents a serious risk of physical injury to another. United States v. Rivers, 595 F.3d 558, 560 n.1 (4th Cir. 2010).

25, 2010) (No. 09-11134).  In Jarmon, we reaffirmed our opinion in Smith and found that larceny from a person, under North Carolina law, is a crime of violence within the meaning of USSG § 4B1.2(a)(2).  596 F.3d at 232-33.  Accordingly, we affirm Jauhari's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED