**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4801**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GEROME ALEXANDER YOUNG,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:08-cr-00551-PJM-1)

SUBMITTED: May 19, 2011          Decided: August 8, 2011

Before TRAXLER, Chief Judge, and DUNCAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Meghan S. Skelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Jonathan C. Su, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerome Alexander Young pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). The district court concluded that Young's prior convictions required him to be sentenced under the Armed Career Criminal Act, see 18 U.S.C. § 924(e), and the court sentenced Young to 195 months' imprisonment. Young appeals, challenging his designation as an armed career criminal.

A defendant who violates § 922(g) qualifies as an armed career criminal if he has three prior convictions for violent felonies or serious drug offenses. See id. § 924(e)(1). Young concedes that he has two prior convictions that qualify as violent felonies under the Act. He argues, however, that the district court erred by concluding that his Maryland conviction for resisting arrest qualifies as a violent felony. We disagree.

A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," id. § 924(e)(2)(B)(i), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(ii). In United States v. Jenkins, 631 F.3d 680 (4th Cir. 2011), we applied the analysis set forth by the Supreme Court in Begay v. United

2

States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), and concluded that Maryland's common-law offense of resisting arrest was properly treated as a crime of violence. See Jenkins, 631 F.3d at 685.[*] That conclusion is likewise supported by the Supreme Court's recent opinion in Sykes v. United States, ___ U.S. ____, No. 09-11311 (filed June 9, 2011).

Given our ruling in Jenkins, it is clear that the district court properly treated Young's conviction for resisting arrest as a violent felony under the ACCA, and we therefore affirm Young's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although Jenkins addressed the violent-felony question in the context of the career-offender enhancement under the Sentencing Guidelines, the Guidelines' definition of the phrase is substantively identical to that of the ACCA, and cases arising under the Guidelines apply with equal force to cases arising under the ACCA. See Jenkins, 631 F.3d at 683.