**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4671**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

TA-THASIO MARTIN,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, Senior District Judge.  (1:08-cr-00598-JFM-1)

Submitted:  May 19, 2011            Decided:  August 9, 2011

Before TRAXLER, Chief Judge, and DUNCAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ta-Thasio Martin pleaded guilty to being a felon in possession of a firearm and ammunition. See 18 U.S.C. § 922(g)(1). The district court concluded that Martin's prior convictions required him to be sentenced under the Armed Career Criminal Act, see 18 U.S.C. § 924(e), and the court sentenced Martin to 180 months' imprisonment, the minimum sentence permissible under the ACCA. Martin appeals, challenging his designation as an armed career criminal.

A defendant who violates § 922(g) qualifies as an armed career criminal if he has three prior convictions for violent felonies or serious drug offenses. See id. § 924(e)(1). Martin concedes that he has two prior convictions that qualify as serious drug offenses under the Act. He argues, however, that the district court erred by concluding that his Maryland conviction for resisting arrest qualifies as a violent felony. We disagree.

A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," id. § 924(e)(2)(B)(i), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(ii). In United States v. Jenkins, 631 F.3d 680 (4th Cir. 2011), we applied the

2

analysis set forth by the Supreme Court in <u>Begay v. United States</u>, 553 U.S. 137 (2008), and <u>Chambers v. United States</u>, 555 U.S. 122 (2009), and concluded that Maryland's common-law offense of resisting arrest was properly treated as a crime of violence. <u>See</u> <u>Jenkins</u>, 631 F.3d at 685.[*] That conclusion is likewise supported by the Supreme Court's recent opinion in <u>Sykes v. United States</u>, ___ U.S. ____, No. 09-11311 (filed June 9, 2011).

Given our ruling in <u>Jenkins</u>, it is clear that the district court properly treated Martin's conviction for resisting arrest as a violent felony under the ACCA, and we therefore affirm Martin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Although <u>Jenkins</u> addressed the violent-felony question in the context of the career-offender enhancement under the Sentencing Guidelines, the Guidelines' definition of the phrase is substantively identical to that of the ACCA, and cases arising under the Guidelines apply with equal force to cases arising under the ACCA. <u>See</u> <u>Jenkins</u>, 631 F.3d at 683.