AGEE, Circuit Judge,
concurring in the judgment, concurring in the en banc majority opinion, and concurring in the opinion of Judge KEENAN:
“Only Congress can rescue the federal courts from the mire into which ACCA’s draftsmanship and Taylor’s ‘categorical approach’ have pushed us,” Justice Alito presciently observed in Chambers v. United States, 555 U.S. 122, 132, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (Alito, J., concurring). As the multiple opinions in this case reflect, no matter how diligently and painstakingly my colleagues and I labor over the mystery of the ACCA “residual clause,” a black hole of confusion and uncertainty stymies our best efforts.
Onee application of the ACCA enhancement departs from the clarity in § 924(e) (2) (B) (ii) — “burglary, arson, or extortion, involves the use of explosives”— and seeks to ascertain prior criminal convictions that “otherwise involve[] conduct that presents a serious potential risk of physical injury to another,” we enter a judicial morass that defies systemic solution.* Id. The dockets of our court and all federal courts are now clogged with these cases. Unless Congress acts to provide clarity to its intent for this statute, the problem will only continue.
All of my colleagues who have written in this case have made a good faith effort to bring some sense of order and direction to a congressional expression, however well intentioned, that was poorly drafted and seemingly defies the best efforts of us all to apply the “residual clause” within the intendment of Congress. While the dilemma we face in our task of adjudication is difficult enough, it pales in comparison to what is at stake for the parties: be it the defendant or the general public as represented by the Government. The doubling (or more) of a sentence to the ACCA minimum mandatory sentence of 15 years imprisonment should be of grave concern when that decision is based on statutory language that a member of the Supreme Court has concluded “does not give a person of ordinary intelligence fair notice of its reach ...” and “is too vague to yield an *788 intelligible principle.” Sykes v. United States, 564 U.S. -, 131 S.Ct. 2267, 2287, 180 L.Ed.2d 60 (2011) (Scalia, J., dissenting).
As Justice Alito concluded in Chambers: [a]t this point, the only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA’s sentencing enhancement. That is the approach that Congress took in 1984, when it applied ACCA to two enumerated and expressly defined felonies. And that approach is the only way to right ACCA’s ship.
555 U.S. at 134, 129 S.Ct. 687 (Alito, J., concurring).
Should Congress fail to act to timely rewrite this statute in a comprehensible and practical way, it will have only itself to blame should a majority of the Supreme Court come to find Justice Scalia’s conclusion the only constitutionally valid course.

 The same concern applies with equal force to the indistinguishable application of similar enhancements under United States Sentencing Guidelines § 4B1.2.