[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13153
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 8:10-cv-00079-JSM-MAP; 8:06-cr-00349-JSM-MAP-1

STEVE BERRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2012)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Steve Berry, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for reconsideration of the district court's order denying his untimely habeas motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. No reversible error has been shown; we affirm.

Berry pleaded guilty to a drug-trafficking offense, 21 U.S.C. § 846. The sentencing court concluded that Berry qualified as a career offender pursuant to U.S.S.G. § 4B1.1 and sentenced him to 135 months' imprisonment in February 2007. Berry appealed neither his conviction nor sentence.

Almost three years later, in January 2010, Berry filed a section 2255 habeas motion. Citing Chambers v. United States, 129 S.Ct. 687 (2009), Berry argued that he had been sentenced improperly as a career offender because it is now clear that the predicate offenses used to support his career-offender enhancement -- carrying a concealed firearm -- no longer qualify as violent felonies. Berry argued that he is factually innocent of the career-offender enhancement.

The district court determined that Berry's motion was untimely: it was filed more than one year after entry of judgment had become final. The district court rejected Berry's argument that his motion was timely because it was filed within one year of the Chambers decision. The Chambers decision was an extension of the Supreme Court's decision in Begay v. United States, 128 S.Ct. 1581 (2008);

2

the limitations period under section 2255(f)(3) starts to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The district court concluded that even if Begay and Chambers applied retroactively, Berry had only to 16 April 2008 -- one year from the date Begay issued -- to file his motion. It also ruled in the alternative -- on the merits -- that Berry was entitled to no relief.

The district court issued a certificate of appealability ("COA") asking:

whether the "actual innocence" doctrine applies within the context of challenging a predicate offense utilized to classify a defendant as a career offender, and if so, whether an "actual innocence" exception exists to AEPDA's one-year limitation period.

As a general rule, a criminal defendant who fails to object at trial or to raise an issue on direct appeal is procedurally barred from raising the claim in a section 2255 motion, absent a showing of cause for failing to preserve the claim and actual prejudice from the alleged error. See United States. v. Frady, 102 S.Ct. 1584, 1594 (1982). Berry argues that the one-year statute of limitations should be tolled and his procedural default excused because he is "actually innocent" -- both factually and legally -- of being a career offender.

The merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 106 S.Ct. 2639, 2649 (1986). And, actual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard. See Schlup v. Delo, 115 S.Ct. 851, 864 (1995) ("tying the miscarriage of justice exception to innocence ... accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"). But Berry does not claim to be actually innocent of the crime for which he was sentenced or innocent of the predicate crimes upon which his career-offender status was based; instead, he claims to be actually innocent of being a career offender.

United States v. McKay, 657 F.3d 1190 (11th Cir. 2011) rejected the argument that an actual-innocence-of-sentence exception applies to an initial section 2255 claim that the petitioner was wrongly sentenced as a career offender where one of his predicate convictions -- carrying a concealed weapon -- did not qualify as a "crime of violence." Because the actual innocence exception is focused on actual (not legal) innocence, we concluded that petitioner McKay -- who, like Berry, made no claim to being factually innocent of the crime of carrying

4

a concealed weapon -- cannot qualify for the actual innocence exception. Id. at 1199. The actual innocence exception has no application to Berry's sentencing claim that he was wrongly sentenced as a career offender. See id. at 1200.

Because Berry fails to show that his procedural default should be excused, the district court committed no abuse of discretion in denying his motion for reconsideration of the denial of his habeas petition. We decline to reach the merits of his procedurally-defaulted claim.* See id.

AFFIRMED.

---

*Because the actual innocence exception has no application to Berry's claim, we need not address whether an "actual innocence" exception to AEDPA's statute of limitations might exist.