LOKEN, Circuit Judge,
concurring in the judgment.
I decline to adopt the court’s broad reading of Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which seems both premature and unnecessary to reach the proper disposition of this appeal.
The Armed Career Criminal Act defines classes of prior convictions that qualify as “violent felonies” when sentencing a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). One section of the statute, 18 U.S.C. § 924(e)(2)(B)(ii), has two distinct subparts:
(B) the term “violent felony” means any crime punishable by imprisonment for a term exceeding one year ... that—
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
(Emphasis added.)
The Supreme Court developed its interpretation of § 924(e)(2)(B)(ii) in cases involving the first subpart, the enumerated crimes clause. In the seminal case of Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Court adopted a “modified categorical approach” to determine whether a prior conviction was for burglary, one of the enumerated offenses: “an offense constitutes ‘burglary1 for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to ‘generic’ burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.” Id. at 602, 110 S.Ct. 2143. In Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Court reaffirmed Taylor and defined what state court documents a federal court may consider “to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense” enumerated in § 924(e)(2)(B)(ii).
Like Taylor and Shepard, Descamps concerned proper application of the enumerated crimes subpart to a prior state court burglary conviction. The Massachusetts statutes at issue in Shepard were overbroad (“nongeneric”) because they prohibited unlawful entry into a “ship, vessel or vehicle,” as well as a building. 544 U.S. at 31, 125 S.Ct. 1254 (O’Connor, J., dissenting). On the other hand, the California statute at issue in Descamps was overbroad because it “does not require the entry to have been unlawful in the way most burglary laws do.... It covers, for example, a shoplifter who enters a store, like any customer, during normal business hours.” 133 S.Ct. at 2282. This over-breadth was “indivisible,” the Court concluded, and therefore the modified categorical approach of Taylor and Shepard “has no role to play in this case. The *1185 dispute here does not concern any list of alternative [statutory] elements. Rather, it involves a simple discrepancy between generic burglary and the crime established in § 459 [of the California Penal Code].” Id. at 2285. Agreeing with the dissenting judges in the en banc Ninth Circuit decision in United States v. Aguila-Montes de Oca, 655 F.3d 915 (2011), the Court held: “Because generic unlawful entry is not an element, or an alternative element, of § 459, a conviction under that statute is never for generic burglary.” 133 S.Ct. at 2293.
Descamps did not concern the residual “otherwise involves” subpart of 18 U.S.C. § 924(e)(2)(B)(ii). Nevertheless, our court confidently asserts, “we can discern no reason not to apply it here.” Though there are good reasons to draw this inference, I am not so sure it is correct.
The Supreme Court first applied its categorical approach to the residual clause in James v. United States, 550 U.S. 192, 202-204, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), which involved the Florida offense of attempted burglary. In determining “whether attempted burglary, as defined by Florida law, is an offense that ‘involves conduct that presents a serious potential risk of physical injury to another,’” the Court declared, without discussing the textual differences between the two subparts: “we employ the ‘categorical approach’ that this Court has taken with respect to other offenses under the ACCA.” Id. at 201-02, 127 S.Ct. 1586. Since its decision in James, a rather badly divided Court has applied the categorical approach in three other residual clause cases. Each time, the Court repeated “that, for purposes of ACCA’s definitions, it is the generic sense of the word ‘felony’ that counts.” In other words, the statute “referfs] to a crime as generally committed,” not as the defendant now being sentenced for a federal firearm offense committed it on a particular occasion. Chambers v. United States, 555 U.S. 122, 125, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (failure to report); see Sykes v. United States, — U.S. -, 131 S.Ct. 2267, 2272, 180 L.Ed.2d 60 (2011) (vehicular flight from an officer); Begay v. United States, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (felony DWI).
As a circuit court, we must of course follow the Supreme Court’s emphatic adherence to the generic or categorical approach in applying both subparts of 18 U.S.C. § 924(e)(2)(B)(ii). But that is not the end of the inquiry. We must also carefully examine how the Court employed this approach in the cases most closely resembling the one now before us. To avoid construing the ACCA’s harsh sentencing enhancement too broadly, the Court’s first step has been “to choose the right category” of offenses and then decide whether the crime, as so categorized, satisfies the ACCA’s definition of violent felony “in the ordinary case.” Chambers, 555 U.S. at 126, 129 S.Ct. 687; James, 550 U.S. at 208, 127 S.Ct. 1586. In its four prior residual clause cases, the Court’s challenge has been deciding whether Congress intended to include the generic statutory offense at issue in its definition of “violent felony.” In two of those cases, Sykes and Chambers, the state statute subdivided the offense in a way that made it easy for the Court to apply the modified categorical approach to violations of a narrow universe of crimes in the ordinary case. See Sykes, 131 S.Ct. at 2271, 2273; Chambers, 555 U.S. at 126, 129 S.Ct. 687.
This case is different. The Nebraska Legislature — not focusing on future federal sentencing issues — included all escapes from “official detention” in a single statutory provision. Neb.Rev.Stat. § 28-912. That provision encompasses escapes from a maximum security prison by eluding its *1186 armed guards (for example, by tunneling under or climbing over the outer wall late at night), an offense that surely meets the statutory standard in the residual clause— “conduct that presents a serious potential risk of physical injury to another.” The Nebraska statute also includes so-called “walk-away” offenses, such as Tucker running away from a youth treatment center, which I agree should not be predicate ACCA offenses under the residual clause. As neither of these extremes is the “ordinary case,” applying the rigid divisible/non-divisible test of Descamps results either in excluding violent felonies that Congress intended to include, or including non-violent felonies that should be excluded. No prior residual clause case confronted the Supreme Court with this interpretive dilemma. One might ask, isn’t that just what the Court did in Descamps when it excluded all California burglaries, including the most violent? From that standpoint, the situations may be parallel. But the textual differences in the two sub-parts of § 924(e)(2)(B)(ii) may make a difference. In Descamps, the Court merely held that a violation of the California statute at issue is not the enumerated offense of generic burglary. The residual clause does not address enumerated offenses; Congress expressly included any felony that “involves conduct that presents a serious potential risk of physical injury to another.” Thus, there is no enumerated crime of escape that a court may define generically and then compare to the Nebraska statute.
There is no clear signal the Court would decide that this textual difference does not affect whether the modified categorical approach applies in this type of residual clause case. No doubt intentionally, I infer, the majority in Descamps carefully limited its discussion to the enumerated crimes clause and explicitly noted it was not presented with the question whether defendant’s prior California burglary conviction could be a “violent felony” under the residual clause. 133 S.Ct. at 2293 n. 6. Justice Kennedy’s concurrence likewise approached the issue narrowly and expressed concern about establishing a rule that would require extensive redrafting of state criminal statutes. Id. at 2293-94. And Justice Alito’s dissent explained how the modified categorical approach could be applied to a broad state statute that has a single, indivisible set of elements. Id. at 2299, 2302. The Court’s prior residual clause cases have not addressed this question, but more generally, Justice Scalia has criticized these cases as “ad hoc judgment[s]” that fail to clarify the residual clause. Sykes, 131 S.Ct. at 2284 (Scalia, J., dissenting). With this array of disparate opinions, it seems almost as difficult to predict how the Court will resolve this issue as it was to anticipate its decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
In my view, this doctrinal uncertainty does not make the decision in this case difficult because Tucker must be resen-tenced whatever analytical approach governs. If the Descamps divisibility analysis applies to residual clause offenses, I agree with the court that Tucker must prevail. Likewise, he must prevail if the modified categorical approach as we applied it in United States v. Parks is the governing standard because Tucker’s prior conviction under Neb.Rev.Stat. § 28-912 is easily categorized as an escape from an unsecure facility. 620 F.3d 911, 915 (8th Cir.2010), cert. denied,— U.S.—, 132 S.Ct. 125, 181 L.Ed.2d 47 (2011).
There are more radical approaches the Supreme Court might take in applying the residual clause, but they would also require the same disposition of this appeal. Justice Scalia might persuade a majority of his colleagues that the residual clause is *1187 unconstitutionally vague. See Derby v. United States,—U.S.-, 131 S.Ct. 2858, 2860, 180 L.Ed.2d 904 (Scalia, J., dissenting from the denial of four certiora-ri petitions). Justice Thomas might at long last persuade a majority that the protections of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should apply to ACCA sentencing enhancements. See Descamps, 133 S.Ct. at 2294-95 (Thomas, J., concurring); Shepard, 544 U.S. at 27, 125 S.Ct. 1254 (Thomas, J., concurring). Or the Court’s frustration with the “nearly impossible” task of applying the categorical approach to the residual clause, combined with continuing congressional inaction, might prompt the Court to adopt a completely new approach. See Chambers, 555 U.S. at 133-34, 129 S.Ct. 687 (Alito, J., concurring). I do not venture to predict how the Court will decide its next residual clause case. I simply conclude it is premature to broadly apply Descamps beyond the enumerated-offense boundaries of that decision when applying our prior ruling in Parks would properly decide this case.
For these reasons, I concur in the court’s decision to vacate Tucker’s sentence and remand for resentencing.