[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10366
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00366-JSM-TBS

GLEN EDWARD MATHEWS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2015)

Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Glen Mathews, a federal prisoner proceeding *pro se*, appeals the district court's denial on the merits of his 28 U.S.C. § 2241 petition, which he filed pursuant to the "savings clause" in 28 U.S.C. § 2255(e).  On appeal, he contends that the district court erred by denying his § 2241 petition.  Briefly stated, he says that his 1996 federal sentence under the Armed Career Criminal Act's ("ACCA") enumerated-offense clause, 18 U.S.C. § 924(e)(2)(B)(ii), was unlawful in the light of the Supreme Court's decisions in *Shepard v. United States*, 125 S.Ct. 1254 (2005); *James v. United States*, 127 S.Ct. 1586 (2007); *Begay v. United States*, 128 S.Ct. 1581 (2008); *Chambers v. United States*, 129 S.Ct. 687 (2009); and *Johnson v. United States*, 130 S.Ct. 1265 (2010).  He also argues that circuit precedent previously foreclosed him from arguing that his three earlier Florida burglary convictions under Fla. Stat. Ann. § 810.02 (1979) were not ACCA predicate violent felonies because the modified categorical approach announced in *Shepard* was not available during his sentencing, direct appeal, or initial § 2255 proceedings.

Whether a prisoner may bring a § 2241 petition under § 2255(e)'s savings clause is a question of law we review *de novo*.  *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013).  The applicability of the

2

savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject matter jurisdictional limit on § 2241 petitions. *Id.* The petitioner bears the burden of demonstrating that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention" for purposes of § 2255(e). *Id.*

Mathews was convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) and, in 1996, was sentenced to 293 months' imprisonment. A person convicted of knowingly violating § 922(g)(1) shall be imprisoned "not more than ten years." 18 U.S.C. § 924(a)(2). But for defendants who violate § 922(g) after sustaining three previous convictions for violent felonies, the ACCA imposes a 15-year mandatory-minimum sentence and a maximum sentence of life imprisonment. *Id.* § 924(e).

Generally speaking, once a conviction becomes final, a federal prisoner may challenge his detention only through a § 2255 motion. But when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," the savings clause of § 2255(e) permits the prisoner to file a § 2241 petition for habeas relief. *See* 28 U.S.C. § 2255(e). Restrictions on successive § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of § 2255(e)'s savings clause. *Bryant*, 738 F.3d at 1267.

For a petitioner to bring a § 2241 challenge to the legality of his detention on the ground that an earlier state conviction was not a predicate offense for purposes

3

of the ACCA, he must make a five-part showing that an earlier § 2255 motion was "inadequate or ineffective to test the legality of his detention." *Id.* at 1274. First, a petitioner must show that, "throughout his sentencing, direct appeal, and first § 2255 proceeding, [this] Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a)." *Id.* Second, a petitioner must identify a Supreme Court decision announced after his first § 2255 proceeding that overturned our precedent "that had squarely foreclosed [his] § 924(e) claim." *Id.* Third, he must show that the Supreme Court's new rule applies retroactively on collateral review. *Id.* Fourth, he must show that, as a result of the new rule being retroactive, his current sentence exceeds § 924(a)'s ten-year statutory maximum. *Id.* Finally, he must show that "the savings clause in § 2255(e) reaches his pure § 924(e)[] error claim of illegal detention above the statutory maximum penalty in § 924(a)." *Id.*

Upon review of the entire record, and after consideration of the parties' appellate briefs, we vacate and remand.

Here, the district court erred by denying Mathews's § 2241 petition on the merits, rather than dismissing it for lack of subject matter jurisdiction. First, Mathews has failed to establish that his claim -- that his three earlier burglary

4

convictions did not qualify as violent felonies under the ACCA's enumerated-offense clause -- was squarely foreclosed by binding Eleventh Circuit precedent at the time of his 1996 sentencing, 1997 direct appeal, or 1998 filing of his first § 2255 motion.  *Cf. Williams v. Warden*, 713 F.3d 1332, 1344-45 (11th Cir. 2013 (explaining that "[n]o Eleventh Circuit precedent squarely held that burglary of a dwelling, as defined in Fla. Stat. § 810.02, was a violent felony for ACCA purposes" between 1990 and 2004).  Moreover, Mathews has also failed to identify an intervening Supreme Court decision that overturned such alleged binding circuit precedent.  Mathews's reliance on *Shepard*, *James*, *Begay*, *Chambers*, and *Johnson* as circuit-law-busting Supreme Court decisions is misplaced: none of these cases decided whether a burglary conviction under Fla. Stat. Ann. § 810.02 constituted a violent felony under the ACCA's enumerated-offense clause.  Because Mathews has failed to satisfy the requirements of § 2255(e)'s savings clause, the district court lacked subject matter jurisdiction to consider his petition on the merits.  Accordingly, we vacate and remand with instructions to dismiss the petition.

**VACATED AND REMANDED.**