# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2010

No. 10-40288
Summary Calendar

Lyle W. Cayce
Clerk

RICKY LEON DORITY,

Petitioner-Appellant

v.

WARDEN KEITH ROY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CV-57

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ricky Leon Dority, federal prisoner # 03636-063, appeals the dismissal of a 28 U.S.C. § 2241 petition challenging his 235-month sentence for being a felon in possession of a firearm. Dority argues that he is actually innocent of his sentence under the Armed Career Criminal Act because his prior conviction for a 1984 escape from a penal institution used to enhance his sentence is not a violent felony in light of *Chambers v. United States*, 129 S. Ct. 687, 693 (2009). Dority contends that his enhanced sentence is illegal because he does not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three previous convictions for a violent felony or a serious drug offense, and he asserts that he is entitled to § 2241 relief under the savings clause of 28 U.S.C. § 2255(e).

Section 2255 provides the primary means of collaterally attacking a federal sentence based on errors that occurred at or prior to sentencing. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). We will consider Dority's § 2241 petition only if he establishes that § 2255 is inadequate or ineffective to test the legality of his detention. *See id.* at 426. Dority must affirmatively establish that § 2255 is an inadequate or ineffective remedy. *See id.* This requires a showing (i) that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) that the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Dority's claim fails the first prong of the *Reyes-Requena* test as he cannot establish that his conviction for being a felon in possession of a firearm was for a nonexistent offense. A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27 (contrasting claims challenging sentencing and claims challenging a conviction). Dority has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). The judgment of the district court is AFFIRMED.