FILED
United States Court of Appeals
Tenth Circuit

January 18, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff–Appellee,

v.

TOMMY LEE ELLIS,

　　　　　Defendant–Appellant.

No. 09-6295
(D.C. No. 5:06-CR-00001-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

In December 2005, Appellant Tommy Lee Ellis and an accomplice were charged with bank robbery. The accomplice pled guilty, whereas Mr. Ellis proceeded to a bench trial and was later convicted. At sentencing, the district court relied upon Mr. Ellis's extensive criminal background, which included

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions for armed robbery and a walkaway-escape from prison, to qualify him as a career offender under Section 4B1.1 of the Sentencing Guidelines. The court then sentenced Mr. Ellis to 210 months' imprisonment, the bottom of the relevant Guideline range. Mr. Ellis appealed, and we affirmed. *See United States v. Ellis*, 525 F.3d 960, 965 (10th Cir. 2008).

Mr. Ellis then sought habeas relief from his sentence, arguing that, under the intervening Supreme Court case of *Chambers v. United States*, 555 U.S. 122 (2009), his prior walkaway-escape conviction was not a crime of violence and therefore the district court should not have categorized him as a career offender. The United States agreed with Mr. Ellis's claim and requested resentencing.

At his resentencing hearing, Mr. Ellis requested a downward variance or departure based on his good conduct during the three years between his conviction and the hearing. In particular, Mr. Ellis argued that, in addition to completing drug and family education, he had earned his G.E.D. and completed over 1,000 hours of electrician training courses. However, the district court found the Guidelines' range appropriate and sentenced Mr. Ellis to 110 months, the bottom of the calculated Guidelines range. This appeal followed.

Mr. Ellis argues his new sentence is not substantively reasonable on the basis of 18 U.S.C. § 3553(a). "While we do not have jurisdiction to review the district court's discretionary decision to deny a downward departure, we have jurisdiction . . . to review the sentence imposed for reasonableness." *United*

*States v. Chavez-Diaz,* 444 F.3d 1223, 1229 (10th Cir. 2006). We review his sentence for substantive reasonableness under an abuse of discretion standard, "afford[ing] substantial deference to [the] district court[]." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008). Where the district court correctly calculates the applicable sentencing range and sentences the defendant within that range, the resulting sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). "[W]e recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

At Mr. Ellis's first sentencing hearing, the district court outlined its reasons for applying the bottom of the Guidelines' range, first by citing to Mr. Ellis's repeated criminal offenses and stating "[t]here is simply no way to protect the public once you've shown that prison does not cause you to quit committing criminal acts and there's no other way than to put you in prison and keep you there in order to protect the public." (Doc. 119 at 2.) The court then pointed to the particulars of the instant crime, noting "one of the most important aspects of this offense is . . . the fact that you procured another in circumstances which made her very vulnerable to do your criminal work for you and thought

-3-

apparently that would reduce your punishment." (*Id.* at 3.) The court concluded by finding the Guidelines appropriate, "given all the circumstances," but it decided that "the bottom of the guideline range is sufficient to satisfy all of those goals." (*Id.*)

At the resentencing hearing, the district court "applaud[ed Mr. Ellis's] conduct in prison," informing Mr. Ellis the court was "very encouraged that, in fact, you may leave prison with a way to make a living, to rejoin your family, to become a productive citizen." (Doc. 137 at 13.) However, on balance the court decided to rely on its earlier reasoning:

> Whether or not I have the power to consider [post-sentencing conduct] in resentencing you, I choose not to. I'm not going to make a decision what the law is in that regard, but, on the facts, your conduct is still as egregious as it was the day I sentenced you the first time, and you [sic] went through with you my concerns. Not only the conduct that you engaged in, but leading a [] co-defendant, a cohort into the same kind of conduct when she was vulnerable and susceptible to your influence, I think, requires punishment . . . .

(*Id.*) However, the court again concluded the bottom of the new Guidelines' range was sufficient.

Mr. Ellis argues that several factors weigh in favor of a below-guidelines sentence: the youthful age at which he committed his prior offenses, his completion of a G.E.D. and additional classes since his initial sentencing, his good conduct while in prison, and the fact that he sought to improve himself despite believing he would be incarcerated for over seventeen years.

However, the most compelling of these mitigating factors did not arise until after Mr. Ellis's first sentencing, in 2006, and the district court was under no obligation to consider them. *Compare* U.S. Sentencing Guidelines Manual § 5K2.19 (2008) ("Post-sentencing rehabilitative efforts . . . are not an appropriate basis for a downward departure when resentencing the defendant for that offense."), *and United States v. Warner*, 43 F.3d 1335, 1340 (10th Cir. 1994) ("[E]vents arising after [the first sentencing hearing] are not within resentencing reach."), *with* 18 U.S.C. § 3582(c)(1) (authorizing only the Director of the Bureau of Prisons to file motions seeking reduction of imprisonment based on 18 U.S.C. § 3553(a) factors that arise after sentencing). Mr. Ellis would ask us to hold that post-sentence rehabilitative conduct must be considered as such conduct constitutes part of his "history and characteristics." 18 U.S.C. § 3553(a)(1). This conclusion is precluded by our case law, runs contrary to the Guidelines, and interferes with our deference to the sentencing court to appropriately consider § 3553(a) factors.[1]

Moreover, the factors cited by Mr. Ellis in this case are insufficient to overcome the presumption of reasonableness attached to the district court's properly-calculated Guidelines' sentence range. We must first acknowledge the

---

[1] *United States v. Pepper*, 570 F.3d 958 (8th Cir. 2009), *cert. granted*, 130 S. Ct. 3499 (June 28, 2010), presents the question of whether a district court *may* consider post-sentencing rehabilitation under 18 U.S.C. § 3553(a), but it does not address the issue of whether a district court *must* weigh post-sentencing conduct against aggravating § 3553(a) factors.

district court's findings, all of which are directly relevant to § 3553(a).  We must also defer to "the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them."  *Smart*, 518 F.3d at 808; c*f. Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

We cannot say the district court abused its discretion by imposing a sentence at the bottom of the Guidelines' range in light of all the circumstances in this case.  We therefore **AFFIRM** Appellant's sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge