[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

No. 10-13435
Non-Argument Calendar

_____

D.C. Docket Nos. 5:09-cv-00418-WTH-GRJ & 5:04-cr-00006-WTH-GRJ-1

SHANE ALLEN ADKINS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Shane Allen Adkins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (g)(1) and 924(e)(1). In his plea agreement, Adkins waived his right to appeal or collaterally challenge his sentence except for, *inter alia*, "a sentence above the statutory maximum." The district court enhanced Adkins's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), after finding that Adkins had three prior convictions for violent felonies, including a Florida conviction for escape. The ACCA enhancement made Adkins's mandatory statutory sentence 180 months. Adkins received a two-level departure, and the court sentenced him to 126 months of imprisonment.

Almost five years later, Adkins filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The crux of his argument was that he should be re-sentenced because *Chambers v. United States*, 129 S. Ct. 687 (2009), recently established that escape from custody was not a violent felony. Adkins argued that the maximum possible sentence without the ACCA enhancement was 120 months, therefore the sentence appeal waiver did not preclude relief. The Government argued (1) the motion was untimely, (2) the appeal waiver foreclosed

2

relief, (3) Adkins procedurally defaulted his claims, and (4) a conviction for escape from custody is still a "violent felony" after *Chambers*. The district court concluded that Adkins's motion was barred by the sentence appeal waiver in his plea agreement, and we agree.

"In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (quoting *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999) (per curiam)).

Adkins misreads *Chambers*, which held that "failure to report" is not a "violent felony" under the ACCA. *Chambers*, 129 S. Ct. at 689. In *United States v. Lee*, we held that a "non-violent walkaway escape from unsecured custody" is not a violent felony post-*Chambers*. 586 F.3d 859, 874 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2392 (2010). But we have never held that escape from secure custody is not a violent felony. In fact, four days after our *Lee* decision we held that "a conviction for escape under Florida law is a serious violent felony within the meaning of [18 U.S.C.] § 3559(c) because it is punishable by a sentence of up to 15 years and involves a substantial risk that physical force against the person of another may be used." *United States v. Sanchez*, 586 F.3d 918, 931 (11th Cir.

2009), *cert. denied*, 130 S. Ct. 1926 (2010).[1]  Mindful of *Chambers*, we noted that Sanchez pleaded guilty "to escape, not a failure to report."  *Id*. at 932 n.33.

Accordingly, because a Florida conviction for escape is a violent felony, Adkins's sentence of 126 months does not violate the statutory maximum, and the waiver in his plea agreement precludes him from challenging his sentence on the grounds raised in his § 2255 motion.

**AFFIRMED.**

---

[1]  Because the definitions of "crime of violence" and "violent felony" are "virtually identical," cases concerning one definition "provide important guidance" concerning the other. *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).