# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2011

Lyle W. Cayce
Clerk

No. 10-41213
Summary Calendar

ROBERT L. MCNEAL,

Petitioner - Appellant

v.

M. MARTIN, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-446

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Robert L. McNeal, federal prisoner # 06212-089, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his 40-month sentence following a guilty-plea conviction for escape from a federal prison camp. McNeal contends: he is actually innocent of his career-offender sentence enhancement under Sentencing Guideline § 4B1.1 because his escape conviction is not a crime of violence in the light of *Chambers v. United States*, 555 U.S. 122 (2009); and he is entitled to § 2241 relief under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41213

savings clause of 28 U.S.C. § 2255(e). In an appeal from the denial of habeas relief, rulings on legal issues are reviewed *de novo*; findings of fact, for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

"Section 2255 provides the primary means of collaterally attacking a federal sentence" based upon alleged errors that occurred at, or prior to, sentencing. *Id.* at 425-26 (citations and internal quotation marks omitted). McNeal's § 2241 petition will be considered only if he establishes that § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 426. McNeal bears the burden of establishing § 2255 as an inadequate or ineffective remedy. *See id.* This requires his showing: (1) his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

McNeal's claim fails the first prong of the *Reyes-Requena* test because he can *not* establish that his conviction for escape from a federal prison camp was for a nonexistent offense. A claim of actual innocence of a career-offender *enhancement* is *not* a claim of actual innocence of the crime of conviction and, thus, *not* the type of claim warranting review under § 2241. *E.g.*, *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 427 (contrasting claims challenging sentencing and claims challenging conviction).

AFFIRMED.