FILED
United States Court of Appeals
Tenth Circuit

June 13, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANDTAS METCALF,

Defendant - Appellant.

No. 10-3319
(D.C. Nos. 2:10-CV-02414-CM and
2:06-CR-20024-CM-1)
(D. Kansas)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **BRISCOE,** Chief Judge, **ANDERSON,** and **MURPHY**, Circuit Judges.

Petitioner, Sandtas Metcalf, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA). In 2007, Metcalf pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The written plea agreement contained a waiver of Metcalf's right to directly or collaterally challenge his prosecution, conviction, or sentence. Metcalf was sentenced as a career offender

under USSG § 4B1.1 based on three prior felony convictions—two involving controlled substances and one based on a failure-to-report-type escape. *See* USSG § 4B1.1 (providing a defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense").

The instant § 2255 motion was filed in the district court on July 22, 2010. Relying on *Chambers v. United States*, Metcalf argued he was erroneously sentenced as a career offender because his felony conviction for escape does not constitute a crime of violence. 555 U.S. 122 (2009) (holding that failure-to-report escape crimes are not crimes of violence). The Government argued, alternatively, that: (1) Metcalf's § 2255 motion was barred by the waiver, (2) *Chambers* does not apply retroactively to cases on collateral review, and (3) Metcalf's § 2255 motion was untimely because it was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions). In its order of dismissal, the district court rejected the Government's argument that *Chambers* does not apply retroactively. *See United States v. Shipp*, 589 F.3d 1084, 1089-90 (10th Cir. 2009) (holding *Chambers* involved a new substantive rule and applying that rule retroactively to an appeal involving the Armed Career Criminal Act); *see also United States v. Charles*, 579 F.3d 1060, 1068-69 (10th Cir. 2009) (applying the reasoning in *Chambers* to a case involving USSG § 4B1.2(a)(2)). Using the date on which the

Supreme Court decided *Chambers*, the district court nonetheless concluded Metcalf's § 2255 motion was untimely because it was not filed within the one-year limitations period. The court further concluded Metcalf failed to demonstrate any entitlement to equitable tolling of the one-year period and, accordingly, dismissed his § 2255 motion.[1] In his appellate brief, Metcalf does not address the district court's procedural ruling and does not present any argument that the district court miscalculated the one-year period or erroneously resolved the equitable tolling question.

To be entitled to a COA, Metcalf must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Metcalf's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Metcalf's request for a COA and

___

[1] The district court also concluded it was appropriate to enforce the waiver of collateral attack rights contained in Metcalf's plea agreement.

**dismiss** this appeal.  Metcalf's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge