**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1649
_____

ELMER MARTIN SORRELL,
                                    Appellant
v.

WARDEN B. A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-02476)
District Judge:  Hon. Edwin M. Kosik

Submitted May 13, 2011

Before:  SMITH, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: July 14, 2011 )

_____

OPINION
_____

CHAGARES, Circuit Judge.

        Elmer Sorrell appeals the District Court's dismissal of his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 for a lack of jurisdiction.  Sorrell maintains

there was a fundamental defect in his sentencing enhancement in light of the Supreme

Court's decision in Chambers v. United States, 555 U.S. 122 (2009), which removed

walk-away escape from the classification of a crime of violence. For the following reasons, we will affirm the District Court's dismissal of Sorrell's habeas petition.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. On November 20, 1987, Sorrell was arrested for escaping from Woodlawn Jail Facility in Dallas, Texas.[1] Sorrell pled guilty to escape and was sentenced to two years of imprisonment. On May 16, 2002, Sorrell pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court for the Western District of Texas. The maximum statutory sentence for this offense was twenty years of imprisonment. The Probation Office recommended to the District Court a sentence enhancement based on Sorrell qualifying as a career offender under U.S.S.G. § 4B1.1.[2] This classification increased Sorrell's recommended sentence under the Guidelines from 100 to 125 months to 151 to 188 months of imprisonment. The District Court sentenced Sorrell to 180 months of imprisonment in addition to three years of supervised release. Sorrell never appealed his conviction or sentence.

---

[1] The parties appear to dispute whether Sorrell has shown that his conviction for escape was considered a "walk-away" escape. For the purpose of this appeal, we will assume that Sorrell will be able to show below that this conviction would qualify as a walk-away escape.

[2] According to U.S.S.G. § 4B1.1, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

On October 12, 2004, Sorrell filed a petition to correct his sentence pursuant to 28 U.S.C. § 2255. Sorrell sought to appeal his sentence enhancement based on the fact that a jury never found that his walk-away escape was a crime of violence for sentencing purposes. On October 25, 2004, Sorrell's motion was denied as untimely, and his subsequent request for a certificate of appealability to the United States Court of Appeals for the Fifth Circuit was also denied.

On October 20, 2009, Sorrell filed what was construed as a § 2255 petition in the United States District Court for the Western District of Texas. This petition was denied for a lack of jurisdiction because it was a successive § 2255 petition.

On December 15, 2009, Sorrell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. Sorrell argued in his motion that in light of Chambers, his sentence enhancement as a career offender was unlawful. The District Court dismissed Sorrell's petition determining that the "safety valve" in § 2255 was not applicable to Sorrell as he could not establish that § 2255 was inadequate or ineffective to challenge his detention because being innocent of a sentence enhancement was not the same as being innocent of an underlying criminal offense. The Court concluded that Sorrell could not circumvent the requirements of § 2255 by asserting his claim in a § 2241 petition. The District Court also found that

Sorrell could have raised his claims on direct appeal or in a timely post-conviction proceeding. Sorrell filed a timely appeal.[3]

## II.

"We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). Upon review, we conclude that the District Court properly dismissed the § 2241 petition through which Sorrell sought to challenge his sentence enhancement. Federal prisoners seeking post-conviction relief are required to bring their collateral attacks challenging the validity of their sentence through a petition under § 2255, not § 2241. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A prisoner may seek relief under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Cradle, 290 F.3d at 538. This is permissible "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This "safety valve" was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements. Id. at 539; Dorsainvil, 119 F.3d at 248-49. Hence, § 2255 is not inadequate or ineffective "merely because the sentencing court does

---

[3] The District Court denied Sorrell jurisdiction to review his petition pursuant to 28 U.S.C. § 2241(a), and we have jurisdiction to review his appeal pursuant to 28 U.S.C. § 1291.

4

not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of [] § 2255." Cradle, 290 F.3d at 539.

Sorrell asserts that he is actually innocent of being a career offender for purposes of his sentence enhancement and that his claim is properly brought under § 2241 pursuant to Dorsainvil. We held in Dorsainvil, however, that relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. 119 F.3d at 251-52. Sorrell has not alleged that he is actually innocent of the crime for which he was convicted, but limits his appeal to an allegation that his sentence was improperly calculated based on his career offender status. Therefore, the exception created in Dorsainvil is not applicable, and relief under § 2241 is not available. Okereke, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

Therefore, since Sorrell has failed to show that 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge his detention, the District Court did not err by dismissing Sorrell's § 2241 habeas petition.[4]

III.

For the foregoing reasons, we will affirm District Court's dismissal of Sorrell's petition.

---

[4] We also agree with the District Court's conclusion that Sorrell could have, but failed to, raise his claims on direct appeal or in a timely post-conviction proceeding. This procedural default does not make § 2255 an "inadequate or ineffective" remedy.