[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14082
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00248-RS-EMT

JOSEPH STRICKLAND,

                                            Petitioner - Appellant,

versus

N. C. ENGLISH,

                                            Respondent - Appellee,

BUREAU OF PRISONS,

                                            Respondent.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 16, 2014)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Strickland, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition challenging his 168-month sentence, imposed after he pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and one count of possession of more than five grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).[1]  The district court dismissed Mr. Strickland's petition for lack of jurisdiction, concluding that Mr. Strickland had failed to establish the necessary conditions to satisfy the savings clause of 28 U.S.C. § 2255(e), so that his claims might be considered in a § 2241 petition.  After reviewing the record and Mr. Strickland's brief, we affirm.

# I

We construe *pro se* pleadings liberally.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "Whether a prisoner may bring a [ ] § 2241 petition under the savings clause of § 2255(e) is a question of law we review *de*

---

[1] Mr. Strickland did not pursue a direct appeal of his convictions and sentences.  In 2009, he filed a petition for writ of *coram nobis* and a petition for writ of *audita querela*, which the district court construed as motions to vacate sentence under § 2255 and denied them as time-barred.  Mr. Strickland then sought leave of this Court to file a successive § 2255, which this Court denied on the ground that his proposed § 2255 motion could not be considered successive because the district court failed to provide Mr. Strickland with the required warnings under *Castro v. United States*, 540 U.S. 375 (2003), when it re-characterized his earlier petitions as motions under § 2255.  *See In re Strickland*, Case No. 09-15547 (Nov. 19, 2009) (unpublished order).  Mr. Strickland then filed his first, properly-styled motion to vacate sentence under § 2255 in August of 2010, and the district court denied the motion as time-barred.

*novo*."  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).   Under § 2241(a) and (d), a district court has the power to grant a writ of habeas corpus to a prisoner in custody in that district.   This power is limited, however, by § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a §2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added).   The applicability of §2255(e)'s savings clause is a threshold jurisdictional issue, which imposes a subject-matter jurisdictional limit on § 2241 petitions.  *See Williams*, 713 F.3d at 1337-38.   Accordingly, before we may reach the substantive claims raised by Mr. Strickland, we must determine whether the savings clause of § 2255(e) permits him to seek relief through a § 2241 petition.

In *Williams*, we explained that our prior holding in *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999), "establishe[d] two necessary conditions . . . for a sentencing claim to pass muster under the savings clause."  *Williams*, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no

> genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Id.*

The prisoner in *Williams* had filed a § 2241 petition for habeas corpus, alleging that his sentence was improper because he did not have the three violent felony predicates required for an ACCA enhancement. *Id.* at 1334. We ultimately affirmed the district court's dismissal of the petition, holding that the prisoner was unable to show that his § 2255 motion was inadequate or ineffective to test his claims because he was unable to identify any circuit precedent which squarely foreclosed him from objecting on direct appeal or on collateral attack to the classification of his prior convictions as violent felonies. *Id.* at 1343-45.

## II

Mr. Strickland characterizes a number of Supreme Court opinions as retroactive decisions sufficient to trigger the savings clause of § 2255(e) and allow his § 2241 petition to be decided on the merits.[2] Relying on these decisions, he argues that the district court erred in finding that his prior state conviction, for resisting an officer with violence in violation of Fla. Stat. § 843.01, was a violent felony for purposes of the ACCA, and further contends that the sentencing court

---

[2] *Shepard v. United States*, 544 U.S. 13 (2005), *Begay v. United States*, 553 U.S. 137 (2008), *United States v. Rodriguez*, 553 U.S. 377 (2008), *Chambers v. United States*, 555 U.S. 122 (2009), *Johnson v. United States*, 559 U.S. 133 (2010), *Descamps v. United States*, 570 U.S. _____, 133 S. Ct. 2276 (2013).

4

improperly relied upon information in the pre-sentence investigation report to determine that his convictions satisfied the different-occasions requirement of the ACCA and were qualifying predicate offenses. Mr. Strickland asserts that the judgments of conviction for two of the predicate state court convictions were rendered the same day and the government failed to establish, with "*Shepard*-approved" records, that the underlying offenses were committed on different occasions.[3]

As an initial matter, all of the Supreme Court decisions cited by Mr. Strickland, with the exception of *Descamps*, were decided prior to August of 2010, when Mr. Strickland filed his first § 2255 motion. Therefore, to the extent that Mr. Strickland's substantive claims are based upon these decisions, such claims could have been asserted in his first § 2255 motion and cannot help him here. *See Turner v. Warden, Coleman FCI*, 709 F.3d 1328, 1334 (11th Cir. 2013) ("Section 2255(e)'s savings clause does not cover sentence claims that could have been raised in earlier proceedings.") (internal quotation marks omitted).

## A

As in *Williams*, our prior precedent in *Wofford* resolves Mr. Strickland's claim concerning the designation of his resisting arrest conviction as a violent felony because he cannot show that, at the time he filed his first § 2255 motion,

---

[3] *See Shepard v. United States*, 544 U.S. 13 (2005).

5

this Circuit's law foreclosed him from raising an objection to the treatment of his conviction as a violent felony under the ACCA. *See Williams*, 713 F.3d at 1344-45. No Eleventh Circuit precedent squarely held that resisting an officer with violence, as defined in Fla. Stat. § 843.01, was a violent felony for ACCA purposes during Mr. Strickland's collateral attacks. It was not until December of 2010, in our decision in *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010), that we held that a conviction under § 843.01 constituted a violent felony under the ACCA. Accordingly, Mr. Strickland cannot show that his § 2255 motion was ineffective to test his claims.

## B

Mr. Strickland's claim that the district court improperly used his pre-sentence investigation report in determining that his predicate offenses satisfied the ACCA's different-occasions requirement also fails. Liberally construing his brief, Mr. Strickland appears to identify *United States v. Bennett*, 472 F.3d 825 (11th Cir. 2006), as prior binding precedent holding that a sentencing court's findings of fact may be based on undisputed statements in a report. Assuming that Mr. Strickland's reliance on *Bennett* as "squarely foreclosing" his claim is correct, the only Supreme Court decision that, based on its timing, might have served to overturn this precedent is *Descamps*. *Descamps*, however, is not relevant to the claim Mr. Strickland attempts to raise, and it thus did not overturn the purportedly

6

binding precedent of this Court that Mr. Strickland identifies.  Indeed, *Descamps* makes no mention of the different-occasions inquiry, holding instead that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements."  *Descamps*, 133 S. Ct. at 2282.  Accordingly, Mr. Strickland has not satisfied the §2255(e) savings clause requirements.

## III

Based on the foregoing, we affirm the district court's dismissal of Mr. Strickland's § 2241 habeas corpus petition.

**AFFIRMED.**